**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Angel SALMORAN–SANCHEZ, also known as Rene; also known as Pelon, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Pedro Cuellar–Garcia, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Alejandro Mesinas Torres, also known as Primo, Defendant—Appellant.**

**Nos. 07–30166, 07–30176, 07–30287.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2008.

Filed June 3, 2008.

---

**2.** *In re Atkins,* 69 F.3d 970, 973 (9th Cir. 1995).

Before: THOMPSON, BEA and M. SMITH, Circuit Judges.

### MEMORANDUM *

Angel Salmoran–Sanchez ("Salmoran–Sanchez"), Pedro Cuellar–Garcia ("Cuellar–Garcia"), and Alejandro Mesinas Torres ("Torres") appeal the sentences imposed following their guilty pleas to conspiracy to distribute controlled substances. In accordance with their respective plea agreements, Salmoran–Sanchez was sentenced to 97 months of imprisonment, Cuellar–Garcia was sentenced to 120 months of imprisonment, and Torres was sentenced to 108 months of imprisonment.

We review sentences for reasonableness. *United States v. Booker,* 543 U.S. 220, 226, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Carty,* 520 F.3d 984, 994 (9th Cir.2008) (en banc). Appellate review for reasonableness is "guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the sentencing range established by the Sentencing Guidelines." *United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* 547 U.S. 1158, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

### A. Salmoran–Sanchez

Salmoran–Sanchez does not dispute that the district court properly calculated the advisory Sentencing Guidelines range, which was consistent with the calculations

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

in the presentence report. Once the Guidelines range is calculated, a district court must consider the range along with the other sentencing factors set out in 18 U.S.C. § 3553(a), and determine whether any of those factors warrants a sentence above or below the Guidelines range. *See United States v. Mix*, 457 F.3d 906, 913 (9th Cir.2006). Where the sentence is within the range, it "ordinarily needs little explanation" and the "district court need not tick off each of the § 3553(a) factors...." *Carty*, 520 F.3d at 992; 18 U.S.C. § 3553(c) ("The court ... shall state in open court the reasons for its imposition of the particular sentence ....").

Because the sentence imposed in this case was within the Guidelines range, the district court complied with Section 3553(c) simply by stating the reason for the sentence. *See, e.g., Mix*, 457 F.3d at 912 ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.") (citations and internal quotation marks omitted).

Here, the district court specifically stated that, in addition to the Guidelines, it considered the various factors in 18 U.S.C. § 3553(a). The court then reviewed various factors relevant to its decision and made specific reference to the serious nature of the offense, including "the amount of drugs and [Salmoran–Sanchez's] significance in the conspiracy," and to Salmoran–Sanchez's history and characteristics, including his criminal history and his repeated efforts to enter the United States illegally following deportation. In considering these factors, the district court stated that the seriousness of the offense coupled with Salmoran–Sanchez's history and characteristics outweighed his request for greater leniency. The court imposed a

sentence of 97 months, which is at the low end of the Guidelines range, and the court complied with Section 3553(c) by explaining its reason for the sentence, including its consideration of the 18 U.S.C. § 3553(a) factors.

Salmoran–Sanchez argues that the district court failed to consider adequately whether his sentence created an unwarranted disparity when compared to the sentences of his co-defendants. *See, e.g., United States v. Caperna*, 251 F.3d 827, 830–31 (9th Cir.2001) (approving departure based on codefendant disparity in some circumstances). Salmoran–Sanchez contends that he faced the "harshest sentence for any of the people involved in this grand conspiracy despite others who received far less sentences despite being more frequently involved and taking international trips." Salmoran–Sanchez, however, fails to identify any codefendant with whom he was similarly situated who received a lower sentence. In addition, the district court imposed on Salmoran–Sanchez a shorter sentence (97 months) than the government's proposed sentence (103 months) and also stated that it considered "all of the sentences I have imposed on other codefendants." Thus, the district court adequately considered whether Salmoran–Sanchez's sentence created an unwarranted disparity.

Salmoran–Sanchez also argues that the district court failed to consider the parsimony clause of 18 U.S.C. § 3553(a). Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in Section 3553(a)(2). The district court's Statement of Reasons, however, expressly notes that the court considered the need for the sentence to be "sufficient but not greater than necessary to meet the enumerated goals of sentencing." The sentencing transcript also demonstrates

the district court's careful determination of a reasonable sentence. Thus, the court adequately considered the parsimony principle in sentencing Salmoran–Sanchez.

## B. Cuellar–Garcia

■ A recent opinion of our court confirms our jurisdiction to review a sentence—such as Cuellar–Garcia's—that is imposed within the range stipulated in a plea agreement. *See United States v. Garcia,* 522 F.3d 855, 859–60 (9th Cir. 2008). Because Cuellar–Garcia received a sentence within the range stipulated in his plea agreement and did not expressly waive his right to appeal the sentence, we have jurisdiction to review his sentence. *See id.* (" '[A] valid guilty plea does not deprive the court of jurisdiction.' " (quoting *United States v. Castillo,* 496 F.3d 947, 949 (9th Cir.2007) (en banc))).

The district court's sentencing decision was procedurally sound, so we review the substantive reasonableness of Cuellar–Garcia's sentence for abuse of discretion. *Gall v. United States,* 522 U.S. ——, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). The district court calculated the Guidelines range correctly, considered the 18 U.S.C. § 3553(a) factors, and explained its reasoning. The court imposed a sentence that was below the statutory maximum and within the range stipulated in the plea agreement. Cuellar–Garcia's contention that the district court failed adequately to consider his age and health problems is without merit. The record indicates that, based solely on Cuellar–Garcia's age and health concerns, the court reduced by four years what it otherwise thought would be a reasonable sentence. The district court did not abuse its discretion.

## C. Torres

■ Torres presents several claims that the government breached his plea agreement.[1] We review de novo whether the government violated the terms of that agreement. *See United States v. Clark,* 218 F.3d 1092, 1095 (9th Cir.2000). Factual issues underlying an alleged breach of a plea agreement are reviewed for clear error. *United States v. Martinez,* 143 F.3d 1266, 1271 (9th Cir.1998). *But see United States v. Franco–Lopez,* 312 F.3d 984, 988 (9th Cir.2002) (noting inconsistency with de novo review established in *United States v. Schuman,* 127 F.3d 815, 817 (9th Cir.1997)).

Torres contends the government breached the plea agreement by arguing that the offense involved more drugs than the parties agreed to in the plea agreement. In the plea agreement, the government stipulated that the crime involved at least 5 but not more than 15 kilograms of cocaine. In its sentencing memorandum, however, the government stated that this amount was just " 'the tip of the iceberg' of Torres' drug trafficking." The government then argued that Torres was responsible for a larger amount of drugs. At the sentencing hearing, the government again stated that the stipulated amount was the "tip of the iceberg."

We conclude there was no breach of the plea agreement because the government did not use evidence of larger drug quantities to recommend an increase in the

1. Torres has withdrawn both his claim that the government breached the plea agreement by recommending a sentence of 130 months and his motion to strike the corrected transcript for failure to comply with Fed. R.App. P. 10(e). Since it is clear that the original sentencing transcript contained an error, we grant the government's motion to certify the corrected transcript as part of the record pursuant to Rule 10(e)(2)(C). *See Lowry v. Barnhart,* 329 F.3d 1019, 1024 (9th Cir.2003) (noting that Rule 10(e)(2)(C) allows the court of appeals to supplement the record to correct errors).

Guidelines calculations or a harsher sentence. *See Franco–Lopez*, 312 F.3d at 992–93 (holding government did not breach plea agreement where government provided information to Probation Department that would support higher base offense level and aggravated role but encouraged court "not to consider such information" and to calculate base offense level consistent with plea agreement). In fact, the government specifically asked the court "not to base its sentence" on a larger amount of cocaine than stipulated to in the plea agreement. The government explained that "[t]he defendant has admitted and we are operating under the drug quantity of five kilos to fifteen kilos of cocaine." Notably, in a post-*Booker* sentencing world, defendants may now argue for a sentence substantially below the Guidelines range, as Torres did here. The government was entitled to argue in support of its sentencing recommendation, so long as it was consistent with the stipulated base offense level and recommended sentence as agreed to in the plea agreement. The district court also stated that, in imposing the sentence, it was "considering only the evidence in this case that the defendant has admitted to and that is clearly established." The district court then imposed a sentence of 108 months, which is at the low end of the advisory Guidelines range. *See United States v. Maldonado*, 215 F.3d 1046, 1052 (9th Cir. 2000) ("[D]espite a plea agreement to make certain recommendations, the government has a duty to ensure that the court has complete and accurate information, enabling the court to impose an appropriate sentence.").

■ Torres also argues the government breached the plea agreement by arguing to the district court that the defendant was in a "pseudo-leadership role." We disagree. The government's comments about Torres' role were a fair rebuttal to Torres' own arguments that he and his roommates had "equal" roles, and that he was less culpable in the drug conspiracy than Salmoran–Sanchez. Additionally, at sentencing, the government stated that Torres' role was "not one we would seek an enhancement for."

■ Torres also challenges the firearm enhancement. He admitted, however, that three firearms found in his residence at the time of his arrest "belonged to, and were possessed by, the other codefendants in the case." This was sufficient for the district court's application of the firearm enhancement. *See United States v. Garcia*, 909 F.2d 1346, 1349–50 (9th Cir.1990) (applying firearm enhancement because defendant should have reasonably foreseen that his co-conspirator "would possess a gun during the execution of ... a major drug sale," given that "trafficking in narcotics is very often related to the carrying and use of firearms" (citation and internal quotation marks omitted)).

The sentences of Salmoran–Sanchez, Cuellar–Garcia, and Torres are **AFFIRMED**.