**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JAMES N. CANNEL,
          *Defendant-Appellant.*

No. 06-30590

D.C. No.
CR-05-02059-EFS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted
December 4, 2007—Seattle, Washington

Filed March 3, 2008

Before: M. Margaret McKeown and Richard R. Clifton,
Circuit Judges, and William W Schwarzer,* District Judge.

Opinion by Judge Schwarzer;
Concurrence by Judge Clifton

*The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

**COUNSEL**

Tracy A. Staab, Research and Writing Attorney, Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for the defendant-appellant.

K. Jill Bolton, Assistant United States Attorney, United States Attorney's Office, Spokane, Washington, for the plaintiff-appellee.

**OPINION**

SCHWARZER, Senior District Judge:

James N. Cannel appeals the sentence of 72 months' imprisonment for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On this appeal, Cannel

contends for the first time that the government breached the plea agreement. We review for plain error and find that the government did not breach the plea agreement with Cannel. We therefore affirm the sentence.

## FACTUAL AND PROCEDURAL HISTORY

In January 2005, Cannel began chatting online under the username "surching" with a Seattle Police Department detective, who was posing as a twelve-year-old boy under the username "tim_12_seattle." In February 2005, Cannel asked "tim_12_seattle" for a picture of himself, sent pictures of his genitalia, and suggested that they meet for a sexual encounter. Detectives traced the IP address used by "surching" to Cannel. When interviewed by law enforcement, Cannel admitted that he used the screen name "surching," sent pictures of his genitalia, and possessed 100 to 500 images of child pornography. Cannel also admitted that he traded images of child pornography with others in on-line chat rooms.

On April 12, 2006, Cannel pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), pursuant to a written plea agreement. The agreement stipulated substantially as follows:

- a base offense level of 18;

- a two-level increase for material involving a prepubescent minor or a minor who had not attained the age of 12 years;

- a four-level increase for portrayal of sadistic or masochistic conduct or other depictions of violence;

- a two-level increase for an offense involving the use of a computer;

- a two-level increase for an offense involving at least ten images, but fewer than 150 images;

- a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b) and upon motion of the government, if Cannel pleaded guilty and accepted personal responsibility for the criminal conduct, and provided accurate information during the sentencing process;

- a final adjusted offense level of 25; and

- the government would not seek an upward departure from the applicable sentencing guideline range, but could seek any sentence within the applicable sentencing guideline range.

The plea agreement also stipulated that neither party was precluded from "presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing," unless otherwise prohibited by the agreement.

On June 1, 2006, the United States Probation Office submitted its Presentence Investigation Report ("PSR"), which recommended an adjusted offense level of 33, minus three levels for acceptance of responsibility. This resulted in a final adjusted offense level of 30 and an advisory sentencing range of 97 to 121 months. The PSR calculation included two enhancements that were not in the plea agreement: (1) a two-level enhancement for distribution, based on a shared folder on Cannel's computer containing a video clip and a still image available for downloading on a peer-to-peer file sharing program; and (2) a five-level enhancement for an offense involving 600 or more images, based on the nineteen video clips found on Cannel's computer. Pursuant to Application Note 4(B)(ii) to U.S.S.G. § 2G2.2, each video clip was

counted as the equivalent of seventy-five images, for a total of 1,425 images.

On July 26, 2006, Cannel filed a Sentencing Memorandum. In it, he objected to the PSR's proposed two-level enhancement for distribution on the ground that it was not part of the plea agreement. He also argued that there was "insufficient evidence to support this enhancement" because placing the images in a shared folder was not the same as posting material on a website for public viewing, as suggested in the PSR. With respect to the five-level enhancement for the 1,425 images, Cannel argued that it should not apply because the parties had agreed that the number of images for sentencing purposes would be more than ten but less than 150. In support of his request for a sentence of 12 months and one day, Cannel submitted an evaluation by a clinical psychologist. This evaluation recounted Cannel's assertion that his discussions with "tim_12_seattle" were merely part of a fantasy with no relationship to reality.

On August 2, 2006, the government filed a Notice of Review of Presentence Investigation Report and Sentencing Memorandum. The government stood by its recommendations in the plea agreement and did not adopt the PSR's additional enhancements, but opposed a three-level reduction for acceptance of responsibility "[i]n light of the representations made by [Cannel] in his sentencing memorandum, including his contention that he did not distribute child pornography and his contention that his on-line chats were merely fantasy." The government pointed out that Cannel had admitted that he distributed child pornography through Internet chat rooms, and concluded that Cannel had "failed to provide complete and accurate information during the sentencing process, as required for the Government's recommendation for reduction in offense level for acceptance of responsibility."

With respect to Cannel's objection to the five-level enhancement for the number of images, the government

acknowledged that in agreeing on a two-level enhancement, the parties erroneously disregarded Application Note 4(B)(ii). The government urged the court to overrule Cannel's objection because contrary to Cannel's argument that most of the video clips were very short in duration, the video clips averaged five minutes in length. The government, however, also stated that it was standing by its plea agreement recommendations in order to avoid a breach, and that the court should simply consider the number of images as a factor supporting a sentence "at the high end of the guideline range." The government recommended an offense level of 28, which excluded the three-level acceptance of responsibility adjustment reflected in the offense level of 25 originally called for by the plea agreement. The government therefore requested a sentence of 97 months, at the top of the 78 to 97-month sentencing range called for by an offense level of 28.

At the sentencing hearing on October 18, 2006, Cannel objected to the PSR's enhancement for distribution, and to the PSR's five-level enhancement for an offense involving 600 or more images. The court overruled the objections, noting that Cannel had admitted to police officers that he had distributed child pornography in Internet chat rooms, and finding that the PSR had correctly calculated the number of images involved. Cannel did not argue that the government had breached the plea agreement. The government recommended a sentencing range of 78 to 97 months, which reflected the enhancements specified in the plea agreement but did not include the downward adjustment of three levels for acceptance of responsibility. The government referred the court to its sentencing memorandum, in which it recommended a sentence of 97 months.

The district court accepted the PSR's offense level of 33 and it subtracted two levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Consistent with its position that Cannel had not been truthful, the government declined to move for the additional one-level acceptance of responsibility

adjustment under U.S.S.G. § 3E1.1(b). This resulted in an advisory guideline range of 108 to 135 months. Noting that the sentence would amount to nine years in prison, the court observed this to be "far more than necessary to adequately punish [Cannel]" and imposed a sentence of 72 months, with three years of supervised release and special conditions. This timely appeal followed.

## DISCUSSION

### I. Standard of Review

We would normally review Cannel's claim that the government breached his plea agreement de novo. *See United States v. Mondragon*, 228 F.3d 978, 980 (9th Cir. 2000) (applying de novo review when facts were not in dispute and "the only issue [was] whether the prosecutor's statements as a matter of law constituted a [violation of the plea agreement]). Cannel, however, did not preserve this issue for appeal, having failed to claim a breach of the plea agreement by the government at the sentencing hearing. *United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991) ("Issues not presented to the trial court cannot generally be raised for the first time on appeal."). His objection to the PSR in his Sentencing Memorandum and at the sentencing hearing on the ground that it conflicted with the plea agreement is not sufficient to preserve the issue of a breach of the plea agreement. *United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir. 2000) (pointing out discrepancy between PSR and plea agreement does not constitute a claim that the government breached the plea agreement). Cannel's objections at the sentencing hearing were directed at persuading the court that the enhancements for distribution and for a larger number of images were inconsistent with the plea agreement, not that the government had breached the plea agreement.

Although Cannel forfeited his claim that the plea agreement was breached, we may review that claim for plain error.

*Flores-Payon*, 942 F.2d at 558; *Maldonado*, 215 F.3d at 1051. Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Recio*, 371 F.3d 1093, 1100 (9th Cir. 2004) (citing *United States v. Olano*, 507 U.S. 725, 732-35 (1993)).

## II. Breach of the Plea Agreement

Plea agreements are contracts and are enforced as such. The defendant relinquishes his constitutional right to a trial by entering into a plea agreement, and "[t]he integrity of our judicial system requires that the government strictly comply with its obligations under a plea agreement." *United States v. Allen*, 434 F.3d 1166, 1174 (9th Cir. 2006) (quoting *Mondragon*, 228 F.3d at 981).

Cannel contends that the government breached his plea agreement by: (1) recommending against a three-level adjustment for acceptance of responsibility and volunteering additional evidence in support of an enhancement for distribution; and (2) supporting a five-level enhancement for the number of images.

### A. *Acceptance of Responsibility*

**[1]** The plea agreement provided that the government would move for a three-level downward adjustment for acceptance of responsibility if Cannel "demonstrates a recognition and an affirmative acceptance of personal responsibility . . . [and] provides complete and accurate information during the sentencing process." Although Cannel had previously admitted that he had distributed pornographic images, he opposed the PSR's recommended distribution enhancement by arguing that there was insufficient evidence to support the enhancement. Cannel stated in his sentencing memorandum that the materials in the shared folder relied upon by the PSR had not

been available for downloading by the public and had in fact not been downloaded.

**[2]** Under the plea agreement, each party was entitled to present and argue additional facts relevant to sentencing. The government did not advocate an enhancement for distribution or present evidence in order to support such an enhancement. However, in response to what it viewed as Cannel's effective repudiation of his prior admissions, the government did highlight evidence already presented in the PSR of repeated instances in which Cannel had admitted to distributing pornographic images over the Internet. This evidence was relevant to sentencing: its purpose was to show why the government believed that Cannel had not been accurate in his representations to the court and had not demonstrated affirmative acceptance of personal responsibility and thus did not meet the plea agreement's conditions for an acceptance of responsibility adjustment. *Cf. United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999) (finding that the government made a recommendation concerning the sentence in violation of the plea agreement when it introduced a victim impact statement that had "nothing to do with the crime" to which the defendant pleaded guilty). Because the government was obligated to move for the reduction only if Cannel met the specified conditions, and because there is no suggestion that it acted based on unconstitutional or arbitrary motives,[1] the government did not breach the plea agreement by not recommending an adjustment for acceptance of responsibility, or by explaining to the court why it would not make such a recommendation.

---

[1]*See, e.g., United States v. Espinoza-Cano*, 456 F.3d 1126, 1128 (9th Cir. 2006) (holding that the government's decision not to move for an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1(b) cannot be based on "an unconstitutional motive or for reasons not rationally related to a legitimate government interest").

### B. *Enhancement for Number of Images*

**[3]** Cannel contends that the government also breached the plea agreement by volunteering that the number of images had been incorrectly calculated, and by advocating the five-level enhancement. Cannel inaccurately characterizes the government's actions. In its sentencing memorandum the government acknowledged that, as suggested by the PSR's sentencing calculation, the parties had erroneously disregarded Application Note 4(B)(ii), which would have brought the total number of images to over 600 and resulted in an enhancement of five levels, rather than two levels. The government agreed that the PSR accurately assessed the number of images but added that "in order to avoid a breach of the plea agreement, the Government stands by its original plea agreement recommendation" with respect to the enhancement for the number of images involved in the offense. Although the government urged the court to overrule Cannel's objection to the five-level enhancement because the objection was not supported by the facts or the relevant application note, the government only invoked the facts behind the five-level enhancement in support of its argument that the court should give a sentence at the high end of the sentencing range recommended by the government. The government's sentencing memorandum presented a final adjusted offense level of 28. That number reflected all of the upward adjustments in the plea agreement (including a two-level, rather than five-level, enhancement for the number of images), but excluded the downward adjustment for acceptance of responsibility (for the reasons discussed above).

**[4]** Thus the government's final sentencing recommendation was consistent with the plea agreement, which permitted the government to withhold a recommendation for an adjustment for acceptance of responsibility if Cannel did not comply with the specified conditions. The plea agreement, moreover, permitted the government to seek any sentence within the applicable guideline range; the government recom-

mended a sentence of 97 months, which was at the top of the 78 to 97-month sentencing range dictated by the offense level of 28.

**AFFIRMED.**

CLIFTON, Circuit Judge, concurring in the judgment:

I agree with my colleagues that the sentence should be affirmed, but I reach that result via a different route. Specifically, I disagree with the conclusion that the government did not breach the plea agreement in this case. I conclude that the government did breach the agreement. Because I do not believe that the sentence imposed by the district court was affected in any way by that breach, however, I agree that the sentence should be affirmed.

I. Breach of the Plea Agreement

The government promised in the plea agreement to move for a three-level decrease for acceptance of responsibility. The recommendation contained in the Presentencing Report ("PSR") prepared by the probation officer included that three-level reduction for acceptance of responsibility. When it came time for sentencing, though, the government opposed that reduction and declined to move for the third of the three levels of reduction, which it had sole power to do under U.S.S.G. § 3E1.1(b). It justified its action by pointing to Cannel's submission to the court regarding sentencing, "including his contention that he did not distribute child pornography and his contention that his on-line chats were merely fantasy." The government viewed those positions as contradicting acceptance of responsibility for his crime.

I do not believe that the government's position was correct, so I conclude that its failure to honor the plea agreement con-

stituted a breach of that agreement. Cannel did not disclaim responsibility for his crime. Notably, nowhere in his sentencing memorandum did Cannel deny that he had distributed child pornography. He simply denied that he distributed pornography in one manner stated in the PSR.

The PSR recommended a two-level distribution enhancement on the ground that Cannel had a video and a graphic image "available for downloading" in the shared folder of a peer-to-peer file sharing program. Cannel argued in his sentencing memorandum that "there is insufficient evidence to support this enhancement." He argued that the fact that the files were present in his shared folder did not mean that the files were "post[ed] . . . for public viewing" as required by U.S.S.G. § 2G2.2(b)(3)(F), cmt. n.1. He also argued that there was no evidence that anybody actually downloaded the files from his folder. Cannel did not deny that he had distributed child pornography in other ways, nor did he deny that he "traded pictures with others in chat rooms," as he had previously admitted. He simply advanced the legal argument that the basis articulated in the PSR was insufficient to support the recommended enhancement for distribution. That was a legal argument, made not by Cannel himself but by his defense attorney, and that attorney made this distinction clear to the trial court during the sentencing hearing. The legal arguments contained in the sentencing memorandum do not amount to a repudiation of Cannel's admission that, as a factual matter, he had distributed child pornography, nor do they contradict his acceptance of responsibility for that offense.

Cannel did not deny responsibility for his crime by asserting that his discussions with "tim_12_seattle" were mere fantasy, or by submitting an evaluation by a clinical psychologist recounting that assertion. Cannel did not deny that he had possessed or distributed child pornography. The argument behind his assertion is simply that his conduct would not have led to an in-person encounter or caused any physical harm,

factors which could have affected the district court's determination of an appropriate sentence.

I believe it is significant that despite the government's arguments, the district court did not conclude that Cannel in fact failed to accept responsibility. Instead, it overruled the government's objection to the reduction. That contradicts the current claim by the government — and the conclusion of the majority opinion — that the positions taken by Cannel justified the government's failure to honor the plea agreement. Because Cannel did not deny responsibility or provide incomplete or inaccurate information in violation of the plea agreement, he did not relieve the government of its obligation to seek a three-level decrease for acceptance of responsibility. Accordingly, I conclude that the government breached the plea agreement by failing to do so.

II. Prejudice

Because Cannel did not preserve his breach argument by objecting to the district court, I agree with the majority opinion that we review for plain error, under which it is Cannel's burden to establish prejudice. *See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir. 2000) ("A plain error is a highly prejudicial error affecting substantial rights.") (citations omitted); *United States v. Campbell*, 42 F.3d 1199, 1204 (9th Cir. 1994) ("Plain error is error that is clear under the law and that affects substantial rights. [The defendant] has the burden to establish that the error was prejudicial."); *accord United States v. Puckett*, 505 F.3d 377 (5th Cir. 2007) (affirming on plain error review where government admitted that it had breached plea agreement but defendant could not show prejudice).

Cannel cannot show prejudice because the government's breach of the plea agreement did not increase the sentence imposed. The district court overruled the government's objection to the two-level reduction for acceptance of responsibil-

ity. Without a motion by the government, the court did not have the power to reduce by a third level based on acceptance of responsibility, so it can be assumed that if the government had not breached, Cannel's base offense level would have been 30 rather than 31. Based on that calculation and his criminal history category, Cannel's advisory guidelines range would have been 97 to 121 months rather than 108 to 135 months.

In the end, though, the district court imposed a sentence of 72 months, far below the low end of either of these guidelines ranges. This strongly supports the inference that the district court did not key off the bottom of the advisory range but rather calculated the appropriate sentence independently, as it is empowered to do. To the extent that acceptance of responsibility played a role in the court's determination, the court was obviously aware of its disagreement with the government's position that Cannel had repudiated his acceptance, so it must be assumed that the court took that into account.

Accordingly, Cannel has not shown that the government's breach prejudiced him, and his sentence should be affirmed.