MEMORANDUM **
Lalo Espinoza-Flores appeals from the district court’s denial of his motion to suppress evidence seized from his residence. The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.
Espinoza-Flores does not dispute that he consented orally and in writing to the search of his residence, but argues that his consent was not voluntary. We review a district court’s determination that a defendant voluntarily consented to a search for “clear error.” United States v. Enslin, 327 F.3d 788, 792 (9th Cir.2003). Five factors are relevant: “(1) whether the defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether Miranda warnings were given; (4) whether the defendant was notified that [the defendant] had a right not to consent; and (5) whether the defendant had been told a search warrant could be obtained.” United States v. Patayan Soriano, 361 F.3d 494, 502 (9th Cir.2004) (internal quotation marks omitted).
Here, Espinoza-Flores was in custody and testified that the officers falsely told him that they already had a search warrant for his residence. In addition, it is unclear whether officers ever notified Espinoza-Flores that he had the right to refuse consent. The district court found, however, that guns were drawn, if at all, only during the first few moments of the encounter. Moreover, Espinoza-Flores does not dispute that the officers informed him of his Miranda rights and of his right to contact the Mexican consulate and that he understood those rights. A translator was present, minimizing any communication difficulties. Finally, and most importantly, the district court explicitly credited the officers’ testimony that the overall tone of the encounter was “cooperative” and “non-confrontational.” “Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.” Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574,105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Although this is a close case, we are satisfied that the district court did not clearly err in concluding that Espinoza-Flores voluntarily consented to the search.
Espinoza-Flores also claims, for the first time on appeal, that he was denied the right to limit or to withdraw his consent because he was handcuffed in the back of a patrol car during the search of his residence. Although a consensual search is reasonable, “[a] suspect is free ... after initially giving consent, to delimit or withdraw his or her consent at anytime.” United States v. McWeeney, 454 F.3d 1030, 1034 (9th Cir.2006). Here, however, the officers returned to the pa *436 trol car to seek Espinoza-Flores’ written consent before opening the padlocked closet that proved to contain drugs, cash, and weapons. In any event, we are satisfied that any error was not “plain,” which is our standard of review in this case because Espinoza-Flores failed to raise this claim in the district court. United States v. Cannel, 517 F.3d 1172, 1176 (9th Cir.), cert. denied, — U.S.-, 129 S.Ct. 120, 172 L.Ed.2d 92 (2008).
For the foregoing reasons, the district court’s order denying Espinoza-Flores’ motion to suppress is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.