*644 MEMORANDUM **
Jose Luis Manzo (“Manzo”) was found guilty by a jury of conspiring to possess eighty-six cases of pseudoephedrine with intent to manufacture methamphetamine, and subsequently pled guilty to a separate charge of distribution of fifty or more grams of methamphetamine. The district court imposed a single sentence for both offenses, which Manzo now challenges on appeal. Because the parties are familiar with the facts, we will not recount them here. We affirm.
Manzo argues that the district court erred in determining that his offense involved 44,582.4 grams of pseudoephedrine, when this fact was not specifically found by a jury beyond a reasonable doubt. We disagree. It was proper for the district court to determine the quantity of drugs as it did from a preponderance of the evidence. United States v. Kilby, 443 F.3d 1135, 1140-41 (9th Cir.2006) (citing United States v. Ameline, 409 F.3d 1073, 1086 (9th Cir.2005) (en banc)).
We reject Manzo’s contention that the district court erred in denying him a downward departure for acceptance of responsibility. He pled guilty to the distribution charge, but he went to trial on the conspiracy charge.
Manzo also argues the government breached the plea agreement by failing to recommend a downward departure. Manzo neglected to raise this claim at the sentencing hearing, and no plain error occurred. See United States v. Cannel, 517 F.3d 1172, 1175-76 (9th Cir.2008).
Finally, we reject Manzo’s contention that the district court’s written judgment must be conformed to its oral pronouncement. The district court made a technical error during the oral pronouncement of sentence, which it properly corrected by issuing a written judgment during the window allowed by Federal Rule of Criminal Procedure 35(a).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.