**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**CHUL KYOON HAN, Defendant–
Appellant.**

**No. 08–50501.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 2009.*

Filed Nov. 9, 2009.

Michael J. Raphael, Esquire, Assistant U.S., Julie Werner–Simon, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Victor Sherman, Esquire, Sherman & Sherman, Santa Monica, CA, for Defendant–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, BYBEE and M. SMITH, Circuit Judges.

MEMORANDUM **

Chul Kyoon Han appeals the thirty-six-month sentence imposed following his guilty plea conviction of three counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's imposition of a sentence that was outside the sentencing guidelines range was not unreasonable. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc). The record as a whole demonstrates that the district court listened to Han's arguments and simply found the circumstances insufficient to warrant a sentence within the guidelines range. *See United States v. Amezcua–Vasquez,* 567 F.3d 1050, 1054 (9th Cir. 2009); *United States v. Tankersley,* 537 F.3d 1100, 1113–14 (9th Cir.2008). The district court explained in detail its reasons for imposing an upward variance and these reasons are legitimate and support the variance from the guidelines. *See Carty,* 520 F.3d at 992. Finally, the district court's comment that a variance was needed to avoid an unwarranted sentencing disparity simply referred to the fact that the guidelines did not take into account some of the factors present in Han's case. No further explanation was required. *See id.* at 992–93.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Assuming the government's statements during the sentencing hearing breached the plea agreement, our independent review of the record convinces us that the breach did not affect Han's substantial rights because the district court exercised independent judgment in imposing the sentence. Therefore, there is no plain error requiring reversal. *See United States v. Cannel,* 517 F.3d 1172, 1176 (9th Cir. 2008).

**AFFIRMED.**