**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30208 |
| Plaintiff - Appellee, | D.C. No. 2:08-CR-02021-LRS-1 |
| v. | |
| GURMIT SINGH KAILA, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted February 1, 2010[**]
Seattle, Washington

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

Appellant Gurmit Singh Kaila (Kaila) challenges his eleven-month prison

sentence for illegally structuring bank deposits in violation of 31 U.S.C. § 5324.

Kaila contends that the government breached the plea agreement by arguing for a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

higher sentence based on deposits not stipulated to in the agreement; his sentence was procedurally and substantively unreasonable; and the district court abused its discretion in imposing special conditions of supervised release requiring Kaila to disclose financial information and cooperate with the Internal Revenue Service (IRS).

1.    The district court properly sentenced Kaila pursuant to the unambiguous terms of the plea agreement, which did not preclude the government from arguing that a higher sentence was warranted pursuant to 18 U.S.C. § 3553(a). *See United States v. Streich*, 560 F.3d 926, 930 (9th Cir. 2009) ("It is irrelevant that the government advocated for a higher sentence based on uncharged conduct.  It never promised to do the contrary, and we therefore conclude that it did not breach the plea agreement."); *see also United States v. Cannel*, 517 F.3d 1172, 1177 (9th Cir. 2008).

2.    Kaila's sentence was procedurally and substantively reasonable, as the district court considered Kaila's non-frivolous arguments, applied the requisite 18 U.S.C. § 3553(a) factors, and sentenced Kaila at the lower end of the plea agreement's stipulated Sentencing Guidelines range.  *See United States v. Overton*,

573 F.3d 679, 700 (9th Cir. 2009), *as amended* ("[T]he record before us more than sufficiently demonstrates that the district court heard and considered [Kaila's] arguments, contemplated the § 3553(a) factors, and reached an informed conclusion regarding sentencing."); *see also United States v. Garcia*, 522 F.3d 855, 860 (9th Cir. 2008), *as amended* (holding that a sentence within the plea agreement's stipulated range was substantively reasonable).

**3.** The district court did not abuse its discretion in imposing supervised release conditions requiring Kaila to disclose financial information to the probation officer. The financial disclosure conditions are reasonably related to the 18 U.S.C. § 3553(a) factors and do not constitute an unreasonable deprivation of liberty. *See United States v. Wise*, 391 F.3d 1027, 1031 (9th Cir. 2004) ("The applicable statute requires the judge, at sentencing, to consider the need to protect the public from further crimes of the defendant. That language does not limit the court to looking only at the offense already committed, but rather requires the court to look forward in time to crimes that may be committed in the future.") (citation, footnote reference, and internal quotation marks omitted); *see also Garcia*, 522 F.3d at 862.

The financial disclosure conditions are not vague or overbroad, as Kaila does not have to "guess at [their] meaning." *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007), *as amended* (citation omitted).

**4.**     The district court did not abuse its discretion in imposing a supervised release condition requiring Kaila to cooperate with the IRS and disclose relevant information to his probation officer. The condition is reasonably related to the applicable § 3553(a) factors and the plea agreement's requirement that Kaila cooperate with the IRS. *See United States v. Goddard*, 537 F.3d 1087, 1089 (9th Cir. 2008) ("[C]onditions are permissible if they are reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender, taking into account the offender's history and personal characteristics, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release.") (citation omitted).

The condition is not "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Soltero*, 510 F.3d at 866 (citation omitted).

**AFFIRMED.**