**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50597 |
| Plaintiff-Appellee, | D.C. No. 8:08-cr-00236-CJC-1 |
| v. | |
| VINCENT EDWARD CANTU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted February 15, 2011[**]
Pasadena, California

Before: RYMER and BYBEE, Circuit Judges, and QUIST, Senior District
Judge.[***]

Defendant, Vincent Edward Cantu, appeals the 162-month sentence he received

---

[*]     This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court
for Western Michigan, Grand Rapids, sitting by designation.

after pleading guilty to two counts of armed robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm, in violation of 18 U.S.C. § 924(c)(1)(A).

First, Defense counsel's vague objection that the prosecutor's reference at sentencing to Defendant's having robbed other banks as not "appropriate" was insufficient to preserve the issue for appeal. *See United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008). In addition, under the proffer agreement, the Government was free to use Defendant's proffer statements to refute his lawyer's sentencing brief that Defendant "had no prior history of robberies or gun-related crimes." Furthermore, Cantu cannot establish prejudice. *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010). There is no indication that the district court even considered the other robberies in determining the sentence.

Second, Defendant's sentence was reasonable. The district court properly considered the Defendant's former occupation as a police officer both as a mitigating and as an aggravating factor. *See United States v. Autery*, 555 F.3d 864, 874 (9th Cir. 2009). The district court also properly explained its reasons for imposing the sentence it did and articulated that reasoning to a sufficient degree to allow for meaningful appellate review. *United States v. Perez-Perez*, 512 F.3d 514, 516-517 (9th Cir. 2008).

Third, Defendant was punished only *once* for brandishing a firearm with respect to each robbery – via a sentencing enhancement as to the first and via § 924(c) as to

2

the second.

Finally, Defendant makes no affirmative allegation that he did not read the PSR; therefore he cannot show prejudice and any Rule 32(i)(1)(A) error is harmless. *See e.g., United States v. Soltero*, 510 F.3d 858, 863-64 (9th Cir. 2007) (per curiam); *United States v. Davila-Escovedo*, 36 F.3d 840, 844 (9th Cir. 1994).

Accordingly, Defendant's sentence is **AFFIRMED.**