
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30275 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-06056-LRS-1 |
| v. | |
| ROBERT SILVIO AGLI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted July 11, 2013[**]
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and WALTER, Senior
District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Donald E. Walter, Senior District Judge for the United
States District Court for the Western District of Louisiana, sitting by designation.

1. Agli argues that the district court should have granted his motion to suppress drug paraphernalia police discovered during a search of Lee Armfield's apartment. This argument fails for two reasons.

First, Agli did not challenge the district court's finding that he lacked Fourth Amendment standing in his opening brief. Therefore, he has waived that issue. *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." (internal quotation marks omitted)). Without standing, Agli may not challenge the search of Armfield's apartment.

Second, Agli has not shown that the district court clearly erred when it found that Armfield validly consented to the search of his own apartment. *See United States v. Washington*, 490 F.3d 765, 769 (9th Cir. 2007); *United States v. Murphy*, 516 F.3d 1117, 1122 (9th Cir. 2008) ("It is well established that a person with common authority over property can consent to a search of that property without the permission of the other persons with whom he shares that authority."). The district court's conclusion that Armfield consented to the search was based primarily on Armfield's and Officer Peterson's credibility. A determination based on the credibility of witnesses cannot be clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573-75 (1985) (holding that the trial judge cannot

commit clear error when deciding on the credibility of witnesses). That Officer Peterson did not inform Armfield that he could withhold his consent is not dispositive. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 229-32 (1973).

2. Agli next challenges his sentence, because the government breached the plea agreement by recommending a sentence using a Base Offense Level of 9, after agreeing that the correct Base Offense Level was 7. We reject this argument.

We review the breach of the plea agreement for plain error, because Agli's counsel failed to object before the district court. Agli's counsel did point out the discrepancy between the Base Offense Level in the plea agreement and that in the pre-sentence investigation report. However, this is insufficient to preserve a challenge to the sentence based on a breach of the plea agreement. *See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir. 2000); *see also United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008).

Under plain error review, we cannot conclude that any error affected Agli's substantial rights. *Maldonado*, 215 F.3d at 1051. Even had the government recommended a Base Offense Level of 7 according to the plea agreement, that recommendation would not have changed Agli's sentence. The district court correctly determined that the Sentencing Guidelines specify that Agli's true Base Offense Level is 9, without relying on the government's recommendation.

**AFFIRMED.**