**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DiANGELO JOHNSON,

Defendant - Appellant.

No. 12-50341

D.C. No. 3:12-cr-00623-LAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

    DiAngelo Johnson appeals from the district court's judgment and challenges

the 41-month sentence imposed following his guilty-plea conviction for being a

felon in possession of a firearm and ammunition, in violation of 18 U.S.C.

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Johnson contends that the government breached the plea agreement when it argued against a Guidelines reduction for acceptance of responsibility. We review for plain error, *see United States v. Whitney*, 673 F.3d 965, 973 (9th Cir. 2012), and find none. The record shows that under the terms of the plea agreement, the government was not required to recommend a reduction if Johnson engaged in criminal conduct, and he does not dispute that he engaged in such conduct. *See United States v. Cannel*, 517 F.3d 1172, 1176-77 (9th Cir. 2008) ("Because the government was obligated to move for the reduction only if [the defendant] met the specified conditions, and because there is no suggestion that it acted based on unconstitutional or arbitrary motives, the government did not breach the plea agreement by not recommending an adjustment for acceptance of responsibility."). Moreover, Johnson has not shown a reasonable probability that he would have received a different sentence absent any alleged breach. *See United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1189 (9th Cir. 2013).

**AFFIRMED.**

12-50341