**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OMAR KABILJAGIC,

Defendant-Appellant.

Nos. 17-10392
      17-10484

DC No.
CR 14-00021 GEB-1

MEMORANDUM[*]

Appeals from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 13, 2019[**]
San Francisco, California

Before: SILER,[***] TASHIMA, and McKEOWN, Circuit Judges.

Following a jury trial, Defendant-Appellant Omar Kabiljagic was convicted

under 18 U.S.C. § 287 for making false or fraudulent claims to the United States.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***]   The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Kabiljagic appeals his conviction on the grounds that the district court erred when it sustained the government's hearsay objections to certain testimony that Kabiljagic sought to elicit at trial from a government agent. This sought testimony consisted of Kabiljagic's own out-of-court statements. We have jurisdiction under 28 U.S.C. § 1291. Because Kabiljagic did not present to the district court the theory of admissibility that he now advances for the excluded statements, we review for plain error. *See Hudspeth v. Comm'r*, 914 F.2d 1207, 1215 (9th Cir. 1990) ("When the trial court excludes evidence, failure to make a timely invocation of the grounds for the admission of the evidence renders the issue reviewable only for plain error." (citations omitted)). We affirm.

"Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008) (citations omitted). Here, even assuming that a non-hearsay ground was available for the admission of the excluded statements, because Kabiljagic testified and thus had the opportunity to testify to the excluded statements, he cannot show that the alleged error was sufficiently prejudicial to have affected the outcome of the district court proceedings, nor that the alleged error "seriously affect[ed] the fairness, integrity

2

or public reputation" of those proceedings. Thus, because Kabiljagic ultimately presented to the jury the relevant information encompassed by the excluded statements when he himself testified at trial, there was no plain error. *See United States v. Jordan*, 256 F.3d 922, 930 (9th Cir. 2001); *see also Cannel*, 517 F.3d at 1176.

**AFFIRMED**.