NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50105 |
| Plaintiff-Appellee, | D.C. Nos. 3:20-cr-02630-LAB-1 |
| v. | |
| MITCHELL MILES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 7, 2022**
Pasadena, California

Before: LIPEZ,*** TALLMAN, and LEE, Circuit Judges.

Mitchell Miles appeals from his sentence for the importation of

methamphetamine in violation of 21 U.S.C. §§ 952, 960. Miles pled guilty to the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kermit V. Lipez, United States Circuit Judge for the
First Circuit, sitting by designation.

importation of approximately 33 pounds of methamphetamine across the U.S. border at the San Ysidro Port of Entry in San Diego, California. We have jurisdiction under 28 U.S.C. § 1291, and for the reasons that follow, we affirm.

Miles and the government dispute whether Miles merely forfeited or waived his right to challenge the government's alleged breach on appeal, and whether the government's conduct at sentencing constitutes a breach in the first instance. However, we decline to reach either issue. Even if Miles only forfeited his challenge, *see United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1187 (9th Cir. 2013), he cannot show plain error because his substantial rights have not been affected by any alleged breach of the plea agreement.

"Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008). To conclude that a defendant's substantial rights were affected, "there must be a reasonable probability that the error affected the outcome of the sentencing." *United States v. Whitney*, 673 F.3d 965, 972 (9th Cir. 2012) (simplified).

On this record, there is no reasonable probability that the alleged breach affected the district court's sentencing determination. *See Gonzalez-Aguilar*, 718 F.3d at 1189 ("[W]here a breach of the plea agreement is alleged, the defendant must

prove that it is reasonably probable that he or she would have received a more lenient sentence if the government had not committed the breach, not just merely that it is possible.") (simplified). After rejecting the plea agreement, the district court calculated the guideline range for Miles and made detailed findings of fact based on his conduct, his criminal history, and the mitigating factors. The district court found a variance from the guideline range of 210–262 months to 85 months appropriate under the circumstances, expressly rejecting the 71-month sentence requested by Miles as insufficient for a defendant with his criminal history.

Because Miles cannot show that any alleged breach by the government impacted his substantial rights, we **AFFIRM**.