**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50243 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-02034-LAB-1 |
| v. | |
| JOSE ANTONIO DELEON-JUAREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 14, 2023**
Pasadena, California

Before: O'SCANNLAIN, HURWITZ, and BADE, Circuit Judges.

Jose Deleon-Juarez challenges the 70-month sentence imposed following his guilty plea for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. Because the facts are known to the parties, we repeat them only as

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jose Deleon-Juarez claims for the first time on appeal that the government breached the plea agreement. Deleon-Juarez and the government dispute whether Deleon-Juarez waived his right to challenge the government's alleged breach on appeal, and whether the government's conduct constituted a breach.

Even assuming no waiver, Deleon-Juarez has not shown that any alleged breach amounted to plain error. *See United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1187 (9th Cir. 2013). "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008). To conclude that a defendant's substantial rights were affected, "there must be a reasonable probability that the error affected the outcome of the sentencing." *United States v. Whitney*, 673 F.3d 965, 972 (9th Cir. 2012) (simplified).

At sentencing, the district court focused on Deleon-Juarez's prior convictions for immigration offenses and his failure to be deterred by previous sentences. The district court expressly rejected the 51-month sentence requested by the government as insufficient to deter Deleon-Juarez. Under these circumstances, there is no

2

reasonable probability that the alleged breach affected the court's sentencing determination. *See Gonzalez-Aguilar*, 718 F.3d at 1188–89.

The judgment of the district court is **AFFIRMED**.