**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JAN 16 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50248 |
| Plaintiff-Appellee, | D.C. No. 2:22-cr-00289-SVW-1 |
| v. | |
| JUAN AGUIERA-GUZMAN, AKA Robert Aguilera Guzman, AKA Roberto Aguilera Guzman, AKA Roberto Guzman, AKA Antonio Valseachi Riga, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted January 11, 2024[**]
Pasadena, California

Before: TALLMAN, CALLAHAN, and BENNETT, Circuit Judges.

Defendant Juan Aguiera-Guzman appeals his high-end Guidelines sentence

of forty-one months' imprisonment for illegal reentry. He makes three arguments

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and concedes that all are subject to plain error review. Thus, for each he must establish that "there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008). Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

1. The government recommended a sentence of twenty-seven months' incarceration and three years of supervised release, as required by the plea agreement. But Defendant claims that the government implicitly breached the plea agreement by unnecessarily mentioning Defendant's extensive criminal history and the need for deterrence and to protect the public in its sentencing memorandum. We reject this claim, as Defendant fails to satisfy several of the plain error factors.

First, there was no implicit breach because the government's challenged statements served a valid purpose other than to advocate for a harsher sentence. *See United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014). The statements explained why three years of supervised release was appropriate even though the Sentencing Guidelines provide that supervised release is usually not appropriate when, as here, a defendant is likely to be removed. *See* U.S.S.G. § 5D1.1(c). Second, even if an implicit breach occurred, it was not plain because the government's general references to Defendant's recidivism and disregard for the law

were relevant to imposing supervised release. *Cf. Heredia*, 768 F.3d at 1233–34 (acknowledging that the government can make "some factual reference" to a defendant's criminal history to justify supervised release so long as the reference is not "likelier to inflame than to provide information relevant to the imposition of supervised release").

Finally, even if we were to conclude that a plain breach occurred, it would not affect Defendant's substantial rights because "to meet this standard an error must be 'prejudicial,' which means that there must be a reasonable probability that the error affected the outcome." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (citing *United States v. Olano*, 507 U.S. 725, 734–35 (1993)). The record shows that the district court believed a high-end Guidelines sentence of forty-one months was warranted based on Defendant's extensive criminal history, with the court specifically noting that he had been undeterred by prior substantial sentences. This information was conveyed to the court—in significantly more detail—in the plea agreement, at the change of plea hearing, in the presentence investigation report, and in the probation office's letter. Nothing suggests that the court would have disregarded such information had the government not made the challenged statements in its sentencing memorandum. *See United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1188–89 (9th Cir. 2013) (no impact on substantial rights when the challenged information in the sentencing memorandum was already conveyed "in

far greater detail" in other documents before the district court). Thus, there is no reasonable probability that the challenged statements affected the outcome.

2.      Defendant argues that the court procedurally erred by failing to give the government an opportunity to speak at sentencing. *See* Fed. R. Crim. P. 32(i)(4)(A)(iii) ("Before imposing sentence, the court must . . . provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney."). But even if there were a plain violation of Rule 32(i)(4)(A)(iii), Defendant cannot show the requisite prejudice, and so his challenge fails. *See Marcus*, 560 U.S. at 262.

Defendant's assertion that the government would have advocated at the hearing for a sentence below forty-one months is speculative. Moreover, even if the government had recommended a sentence below forty-one months at the hearing, the record does not support that the court would have been influenced by such recommendation. The district court had already rejected the government's proposed sentence of twenty-seven months' incarceration. And, given the court's focus on Defendant's extensive criminal history and the need for deterrence, and the fact that Defendant had been undeterred by prior sentences of forty-eight, forty-two, thirty-six, twenty-four, and sixteen months, the court would probably not have been persuaded to give a sentence lower than forty-one months, even had the government added to its prior recommendation at the sentencing hearing. In short, the record

4

does not show that there is a reasonable probability that the court would have imposed a more lenient sentence had the government been given a chance to speak at sentencing. *See Gonzalez-Aguilar*, 718 F.3d at 1189 ("Mere 'possibility' is insufficient to establish prejudice.").

3.   Defendant argues that the court failed to sufficiently explain the reasons for the sentence imposed, mainly because it did not address his sentencing arguments or mitigation evidence. *See* 18 U.S.C. § 3553(c). We disagree. In imposing the sentence, the court explained that it considered the § 3553(a) factors and determined that, given Defendant's extensive criminal history, there was a strong need for deterrence and to protect the public. The record also shows that the court heard and considered Defendant's arguments and mitigation evidence but found them insufficient to warrant a lower sentence. The court even stated that it "considered . . . [Defendant's] particular circumstances as articulated by [defense] Counsel." Because the record shows that the court had a reasoned basis for the sentence it imposed and that it considered Defendant's arguments and mitigation evidence, the court's explanation was sufficient. *See United States v. Perez-Perez*, 512 F.3d 514, 516–17 (9th Cir. 2008) (finding no error when the court "expressly based the within-guidelines sentence on the defendant's extensive criminal history and the need for deterrence" and it was clear from the transcript that the court considered the defendant's arguments).

**AFFIRMED.**