**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-50263 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:20-cr-01434-LAB-1 |
| RAMON HUMBERTO PALACIOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted May 10, 2024
Pasadena, California

Before:  WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

Ramon Palacios appeals his convictions for importing THC, conspiracy to import THC, and smuggling goods into the United States.  Because the parties are familiar with the facts, we do not recount them here.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review Palacios's Confrontation Clause challenge for plain error because

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

he did not object to the challenged testimony on Confrontation Clause grounds. *See United States v. Anekwu*, 695 F.3d 967, 973 (9th Cir. 2012). "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008).

The district court plainly erred when it permitted Special Agent Pham to paraphrase to the jury the contents of the certification Special Agent Paynter completed to authenticate cellphone records pursuant to Federal Rule of Evidence 902(14). The statements in Special Agent Paynter's certification, as relayed to the jury by Special Agent Pham, were testimonial under Supreme Court precedent. *See Bullcoming v. New Mexico*, 564 U.S. 647, 664 (2011) ("A document created solely for an 'evidentiary purpose,' . . . made in aid of a police investigation, ranks as testimonial." (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009))). The statements served the evidentiary purposes of documenting the forensic process Paynter used to extract the cellphone records, establishing Paynter's training in that process, confirming the reliability of the process, and connecting the cellphone records to a cellphone owned by Palacios. *See Melendez-Diaz*, 557 U.S. at 311 (holding that certificates of analysis reporting the results of forensic drug tests were testimonial statements); *Bullcoming*, 564 U.S. at 652

(holding that the Confrontation Clause forbids the state from introducing a certification "through the in-court testimony of a[nother] scientist who did not sign the certification or perform or observe the [blood alcohol] test reported in the certification"); *United States v. Brooks*, 772 F.3d 1161, 1167–70 (9th Cir. 2014) (concluding that it is inconsistent with the Confrontation Clause for a witness to relay to the jury an absent witness's testimonial statements to connect the defendant to another piece of evidence). The "narrow exception" to the Confrontation Clause for a clerk's certificate of authenticity is inapplicable here because that exception is limited to authentication of an existing "official record— or a copy thereof—for use as evidence." *Melendez-Diaz*, 557 U.S. at 322. "[T]he admission of the [challenged testimony] was clear or obvious error" under established precedent and thus "constitutes plain error." *United States v. Macias*, 789 F.3d 1011, 1019 (9th Cir. 2015).

However, the district court's error did not affect Palacios's substantial rights because the introduction of Special Agent Paynter's statements did not "affect[] the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). Palacios argues that, absent the challenged testimony, the jury would not have had a basis to tie the cellphone records to him, but some of those records included Palacios's name and photograph. And, aside from the cellphone records, the Government introduced other evidence, including expert testimony, to show

that Palacios knew that there were drugs hidden in his gas tank.  Palacios has not shown that the result of his trial would have been different absent the challenged testimony.  *See id.*

We do not address the remaining issues Palacios raises on appeal.  The parties agree that Palacios's sentencing-phase claims are moot because he has been released from the Bureau of Prisons, and Palacios conceded in his opening brief that his Speedy Trial Act challenge fails in light of our decision in *United States v. Orozco-Barron*, 72 F.4th 945 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 1373 (2024).

**AFFIRMED.**