NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50295 |
| Plaintiff-Appellee, | D.C. No. 2:22-cr-00175-DSF-1 |
| v. | |
| DAVID JOSEPH BUNEVACZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted May 6, 2024
Pasadena, California

Before: FORREST and BUMATAY, Circuit Judges, and DONATO,** District
Judge.

David Bunevacz challenges his 210-month custodial sentence for securities
and wire fraud. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.
We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

**1.** *Victim-Impact Statements*. Bunevacz argues that the victim-impact statements presented at sentencing were improper. Because he did not object to the statements below, we review for plain error. *See United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008). Bunevacz contends that the district court plainly erred under the Fifth, Eighth, and Fourteenth Amendments because the statements presented were unreliable, some bordered on expert testimony regarding his mental health, and they were unduly prejudicial because victims referred to him using derogatory epithets. A district court may hear sworn or unsworn victim-impact statements at sentencing, which are not subject to cross-examination or the Federal Rules of Evidence. *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013). Bunevacz points to no caselaw, outside the capital-sentencing context, addressing whether harsh language by victims violates the Eighth Amendment. *See, e.g.*, *Beaty v. Stewart*, 303 F.3d 975, 985 (9th Cir. 2002). And there is no evidence in the record to indicate that any epithets or allegedly unreliable statements were the basis for the court's sentence. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009). Thus, there was no plain error.

**2.** *Substantive Reasonableness*. Bunevacz challenges the substantive reasonableness of his sentence. We review this challenge considering the whole record to ensure that the sentencing judge meaningfully and logically considered the 18 U.S.C. § 3553(a) factors. *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir.

2012) (en banc). Relief from a sentence is granted only in rare cases. *Id.* at 1087–88. While Bunevacz argues that the district court erred in making its discretionary departures, "our review of a departure error is subsumed in the review of the ultimate sentence for substantive reasonableness." *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1007 (9th Cir. 2012).

Here, the district court properly analyzed the § 3553(a) factors by considering the scope of Bunevacz's fraud, his lack of true remorse, the impact on his victims, the sophisticated means that he used in committing the crime, his use of stolen funds to avoid a jail sentence in state court, and his likelihood of recidivism. The district court additionally expressed a policy disagreement with the Sentencing Guidelines to the extent they did not fully account for the circumstances of Bunevacz's crime. *Cf. United States v. Kabir*, 51 F.4th 820, 828 (9th Cir. 2022). Considering the entire record, we conclude that the sentence was substantively reasonable. *See Ressam*, 679 F.3d at 1087.

**3.** ***Breach of the Plea Agreement***. Lastly, Bunevacz argues that the government implicitly breached his plea agreement by arguing for sentencing enhancements without a legal basis, using inflammatory language, and introducing improper victim-impact statements. Because he did not raise this issue below, we again review for plain error. *United States v. Farias-Contreras*, 104 F.4th 22, 27 (9th Cir. 2024) (en banc). A plea agreement may be implicitly breached where the

3

government's actions serve no purpose other than to wrongly influence the court to impose a sentence higher than what the government agreed to recommend. *United States v. Whitney*, 673 F.3d 965, 971 (9th Cir. 2012). Here, the plea agreement specifically allowed both parties to "argue [for] additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines." There was also no agreement regarding Bunevacz's "criminal history or criminal history category." Accordingly, it was not plain error for the government to argue for upward departures, while maintaining its obligation to request a low-end sentence within the applicable guideline range. *Cf. Farias-Contreras*, 104 F.4th at 30–31 (concluding there was no plain error where the government implicitly breached a plea agreement, which required the government to recommend a low-end sentence, by going too far in *responding* to a defendant's arguments for a below guidelines sentence).

As we conclude there is no error warranting a remand, we need not consider Bunevacz's argument for reassignment to a new judge for resentencing.

**AFFIRMED.**