**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1071 |
| Plaintiff - Appellee, | D.C. No. 3:21-cr-02936-GPC-1 |
| v. | |
| ARTURO CARDOZA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted September 11, 2024**
Pasadena, California

Before: R. NELSON, MILLER, and DESAI, Circuit Judges.

Arturo Cardoza appeals his conviction for importing fentanyl in violation of

21 U.S.C. § 952. At trial, the district court gave a deliberate ignorance instruction

based on Ninth Circuit Model Criminal Jury Instruction 4.9. Cardoza argues that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

our model jury instruction misstates the law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We typically review the substance of a jury instruction de novo. *United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007) (en banc). But "[w]e review unpreserved errors in the jury instructions for plain error." *United States v. Liu*, 731 F.3d 982, 987 (9th Cir. 2013). A plain error entails "(1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008).

1.   Plain error review applies because Cardoza failed to raise specific objections to the deliberate ignorance instruction. Cardoza did not "inform the court of the specific objection" or "the grounds for the objection." Fed. R. Crim. P. 30(d); *see also United States v. Peterson*, 538 F.3d 1064, 1071 (9th Cir. 2008). Rather, Cardoza simply objected to any deliberate ignorance instruction. That objection stemmed from his belief that the Government should have incorporated its deliberate ignorance theory into the charging document; it did not relate to the instruction's substance. *See United States v. Anderson*, 741 F.3d 938, 945 (9th Cir. 2013) ("An objection to an instruction on a different ground is not sufficient to preserve de novo review."). To the contrary, Cardoza expressly approved the district court's proposed instruction.

2.     The district court did not plainly err when it provided the jury with a deliberate ignorance instruction based on Model Criminal Jury Instruction 4.9.[1]  We held in *United States v. Jewell*, 532 F.2d 697, 704 (9th Cir. 1976) (en banc), that deliberate ignorance can satisfy the "knowingly" element of a federal criminal statute.  A proper *Jewell* instruction must "contain the two prongs of suspicion and deliberate avoidance."  *Heredia*, 483 F.3d at 924.  In *Heredia*, we found that an instruction "cribbed" from our deliberate ignorance instruction satisfied both requirements.  *Id.* at 917, 924.  Thus, Cardoza cannot show a clear error under current law.  *See United States v. Olano*, 507 U.S. 725, 734 (1993).

3.     We are not persuaded by Cardoza's challenges to our model deliberate ignorance instruction.  He argues that the instruction departs from *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011).  But we have held since *Global-Tech* that our model deliberate ignorance instruction "is appropriate 'and there is little reason to suspect that juries will import [recklessness or negligence] concepts, as to which they are not instructed, into their deliberations.'"  *United States v. Yi*, 704 F.3d 800, 805 (9th Cir. 2013) (quoting *Heredia*, 483 F.3d at 924).  And we have "unequivocally rejected" Cardoza's argument that our model instruction dilutes the mens rea requirement.  *United States v. Walter-Eze*, 869 F.3d 891, 910 (9th Cir.

---

[1] The only difference in the district court's instruction was that it included specific facts from this case.

2017) (citing *Heredia*, 483 F.3d at 924).

**AFFIRMED.**