**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

ADRIAN GARCIA,
       *Defendant-Appellant.*

No. 05-30356

D.C. No.
CR-04-00301-016-
MJP

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

IVAN TORRES,
       *Defendant-Appellant.*

No. 05-30391

D.C. No.
CR-04-00301-003-
MJP

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

MIGUEL PLASCENCIA-ALVARADO,
also known as Esteban Garcia-
Morales also known as Angel
Caloca,
       *Defendant-Appellant.*

No. 05-30415

D.C. No.
CR-04-00301-007-
MJP

OPINION

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

14993

Argued and Submitted
July 25, 2006
Submission Withdrawn October 31, 2006
Resubmitted November 1, 2007
Seattle, Washington

Filed November 19, 2007

Before: J. Clifford Wallace, Kim McLane Wardlaw and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Fisher

## COUNSEL

Mary Anne Royle, Vancouver, Washington, for defendant-appellant Adrian Garcia.

Nancy L. Talner, Seattle, Washington, for defendant-appellant Miguel Plascencia-Alvarado.

Jeffrey E. Ellis, Law Offices of Ellis, Holmes & Witchley, PLLC, Seattle, Washington, for defendant-appellant Ivan Torres.

John L. Lulejian (argued), Assistant United States Attorney, and James M. Lord, Assistant United States Attorney, Seattle, Washington, for the plaintiff-appellee.

---

## OPINION

FISHER, Circuit Judge:

This appeal requires us to consider several allegations of sentencing error. Initially, we must decide whether we have jurisdiction to review a sentence that is imposed in accordance with a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and that is not contingent upon the advisory Sentencing Guidelines. We also must determine whether a district court commits plain error by failing to explicitly set the maximum number of non-treatment related drug tests to which the defendant will be exposed as a condition of supervised release. Finally, we must evaluate whether a district court commits plain error by imposing a financial disclosure condition on a defendant who has been convicted of a drug trafficking offense and has a history of drug use. We hold that we do not have jurisdiction to review a sentence within the range agreed to in a Rule 11(c)(1)(C) plea agreement, and that the district court did not commit plain error by imposing either condition.

## I. Background

Because the issues on appeal are exclusively related to sentencing, we need not recount detailed facts of the underlying criminal offenses to which the defendants pled guilty. Rather, we explain only those facts relevant to our resolution of the defendants' allegations of sentencing error.

Adrian Garcia, Ivan Torres and Miguel Plascencia-Alvarado were all involved in a large-scale drug trafficking conspiracy in the Western District of Washington. After being charged with various crimes, all three entered into Rule 11 written plea agreements. *See* Fed. R. Crim. P. 11(c)(1)(C).[1] Garcia pled guilty to conspiracy to distribute less than 500 grams of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); Plascencia-Alvarado pled guilty to conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); and Torres pled guilty to conspiracy to distribute less than five grams of methamphetamine and less than 50 grams of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), as well as witness tampering in violation of 18 U.S.C. § 1513(b)(2). In accordance with their respective plea agreements, Garcia was sentenced to 48 months imprisonment and Plascencia-Alvarado was sentenced to 60 months imprisonment. Torres was sentenced to 66 months imprisonment, also pursuant to his plea agreement, and is subject to various

---

[1]Rule 11(c)(1)(C) provides in part:

> An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement . . . . If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

supervised release conditions. Garcia and Plascencia-Alvarado appeal their sentences, and Torres appeals the district court's imposition of certain supervised release conditions.

## A.    Garcia and Plascencia-Alvarado

Garcia's and Plascencia-Alvarado's plea agreements are nearly identical in all material respects. In both plea agreements, the defendants accepted that the maximum statutory penalty for their offenses is 20 years imprisonment, waived their right to a trial and agreed that the district court "will consider the factors set forth in Title 18, United States Code, Section 3553(a), including the sentencing range calculated under the United States Sentencing Guidelines" but "is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department." Most importantly, Garcia agreed that "the appropriate sentence of imprisonment to be imposed by the Court at the time of sentencing should be within the range of twenty-four (24) to forty-eight (48) months," and Plascencia-Alvarado agreed that the appropriate sentence in his case was "fifty-four (54) to ninety (90) months." In light of these stipulated sentencing ranges, the parties acknowledged that "the Court retains *full discretion* to impose a sentence within the range agreed to above." (Emphasis added.)

At sentencing, the district court accepted Garcia's plea agreement and calculated the advisory guidelines range.[2] In so doing, the court, over Garcia's objection, attributed to him "the amount of cocaine that the Garcia arm of this organization was responsible for," which was nearly five kilograms. The district court also granted Garcia a three-point reduction

---

[2]During sentencing, the district court acknowledged that its guidelines calculation "appear[ed] academic . . . because [the court was] going to accept the 11(c)(1)(C) plea agreement."

for acceptance of responsibility, and adjusted downward the Presentence Report's criminal history calculation. After rejecting Garcia's request for a two-point reduction for his minor role in the offense, the district court arrived at a guidelines recommended range of 97 to 121 months. However, because the district court had accepted the plea agreement, Garcia was ultimately sentenced to 48 months imprisonment.[3] Garcia appeals this sentence, arguing that the district court erred in calculating the guidelines range because it applied the wrong burden of proof with respect to the drug quantity attributed to Garcia. Had the district court applied the correct evidentiary standard, Garcia argues, it would have arrived at a lower guidelines calculation and he would have received a 24-month sentence.

As with Garcia, the district court accepted Plascencia-Alvarado's plea agreement and calculated his advisory guidelines range to be 108 to 135 months imprisonment. Plascencia-Alvarado argued to the district court that he should receive a 54-month sentence (at the low end of the plea agreement stipulation) because of various equities he believed were in his favor, including his relationship with his young daughter. He further claimed that other similarly situated defendants received comparable sentences. The district court rejected these arguments and sentenced Plascencia-Alvarado to 60 months imprisonment (still at the lower end of his plea agreement's stipulated range).[4] Plascencia-Alvarado appeals this sentence as unreasonable in light of the 18 U.S.C. § 3553(a) factors.

---

[3]In justifying its sentence at the high end of the stipulated range, the district court explained that the sentence was lower than the guidelines range, was "consistent with others who were" involved in similar offenses arising out of the conspiracy, reflected the quality of Garcia's cooperation with the government and served to deter others from criminal conduct.

[4]The district court judge explained that Plascencia-Alvarado's sentence reflected his role in the conspiracy, was comparable to that imposed upon others charged with similar conduct and accounted for his contrition and lack of prior drug trafficking offenses.

## B.   Torres

Torres' plea agreement stipulated to a fixed sentence of 66 months and acknowledged "that the Court retains full discretion with regard to the imposition of a term of supervised release, the conditions of supervised release, fines, forfeiture or restitution." At sentencing, the district court accepted the Rule 11 plea agreement and sentenced Torres to the agreed upon term. The district court also imposed several conditions of supervised release, including that Torres (1) "shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;" (2) "shall submit to mandatory drug testing pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d)" (drug testing condition); and (3) "shall provide his probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of defendant's Federal Income Tax Returns" (financial disclosure condition). Although Torres did not object to these conditions at sentencing, he now argues that the district court erred in imposing them.

## II.   Analysis

## A.   Garcia and Plascencia-Alvarado[5]

As an initial matter, the government argues that we lack jurisdiction to review these defendants' sentences because they each received a sentence within the range stipulated to in their plea agreements.[6] That is, because the defendants

---

[5]Because both Garcia's and Plascencia-Alvarado's challenges implicate the same dispositive issue, we address their claims jointly.

[6]Neither Garcia nor Plascencia-Alvarado expressly waived the right to appeal the district court's sentence. *Cf. United States v. Joyce*, 357 F.3d 921, 922-23 (9th Cir. 2004) ("A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made. Plea agreements are contracts between a defendant and the government, and we generally construe ambiguous language in favor of the defendant." (internal citations omitted)).

received the benefit of their plea bargains, they may not now challenge the sentences.

**[1]** 18 U.S.C. § 3742(a) grants appellate courts limited jurisdiction to review a defendant's challenge to a district court's sentence. *See United States v. Barron-Rivera*, 922 F.2d 549, 553 (9th Cir. 1991). To entertain either Garcia's or Plascencia-Alvarado's claim of sentencing error, we must find that some provision of § 3742(a) applies, thus establishing our jurisdiction. Specifically, the statute provides in relevant part:

> (a)　Appeal by a defendant. A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence —
>
> > (1)　was imposed in violation of law;
> >
> > (2)　was imposed as a result of an incorrect application of the sentencing guidelines; or
> >
> > (3)　is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range . . . ; or
> >
> > (4)　was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). Garcia asserts that we may review his sentence for guidelines calculation error under either § 3742(a)(1) or (2), whereas Plascencia-Alvarado relies only on § 3742(a)(1) to argue that we have jurisdiction to determine whether his sentence is unreasonable.[7] We conclude that

---

[7]There was some discussion at oral argument regarding the applicability of 18 U.S.C. § 3742(c), which provides that "[i]n the case of a plea agree-

we are without jurisdiction to entertain either Garcia's or Plascencia-Alvarado's appeal.

[2] Section 3742(a)(1) allows us to review a sentence "imposed in violation of law." We have held that where a defendant is given the minimum sentence permitted by the statute of conviction, *see United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997), or a sentence within the statutory maximum, *see United States v. Baramdyka*, 95 F.3d 840, 843-44 (9th Cir. 1996), such a sentence is not illegal, and therefore does not violate the law. In this case, our jurisdiction is not established under § 3742(a)(1) because both Garcia and Plascencia-Alvarado received sentences well within the statutory maximums. Therefore their sentences were not "imposed in violation of law."

[3] More recently, we held that § 3742(a)(1) confers jurisdiction to review sentences imposed within the advisory guidelines range if the defendant challenges the sentence as unreasonable under the § 3553(a) factors, because unreasonable sentences are "imposed in violation of law." *United States v. Plouffe*, 445 F.3d 1126, 1130 (9th Cir. 2006) ("A sentence that is within the Guidelines range . . . may be unreasonable and thus imposed in violation of law pursuant to § 3742(a)(1)."). Garcia and Plascencia-Alvarado invoke *Plouffe* to argue that jurisdiction properly lies because their sentences failed to satisfy § 3553(a) either because the guidelines range was improperly computed, *see* § 3553(a)(4), or

---

ment that includes a specific sentence under rule [11(c)(1)(C)] of the Federal Rules of Criminal Procedure — (1) a defendant may not file a notice of appeal under paragraph (3) or (4) of [18 U.S.C. § 3742(a)] unless the sentence imposed is greater than the sentence set forth in such agreement." Because neither Garcia nor Plascencia-Alvarado asserts that § 3742(a)(3) or (4) applies, we need not explore whether § 3742(c), which by its terms refers only to a plea agreement providing for a *specific sentence*, applies to cases such as this where the plea agreement provides for a *specific sentencing range*.

because the other factors were not properly weighed. However, *Plouffe* is inapplicable to the sentences in this case. *Plouffe* considered only appeals of sentences imposed within and pursuant to the applicable advisory guidelines range. *Plouffe*, 445 F.3d at 1129-30. In reasoning that we have jurisdiction to review even within-guidelines sentences for reasonableness, *Plouffe* relied on *United States v. Booker*, 543 U.S. 220 (2005), which held that the reasonableness (and therefore legality) of a sentence must be evaluated in light of all of the § 3553(a) factors, not just the guidelines calculation. *Plouffe*, 445 F.3d at 1130 (citing *Booker*, 543 U.S. at 245-46).

**[4]** Unlike Plouffe, Garcia and Plascencia-Alvarado were not sentenced pursuant to the guidelines. Their sentences were within the range they agreed to in their Rule 11(c)(1)(C) plea agreements, and although each agreement contemplated that the district court would calculate the guidelines range, it did not condition the sentence on a properly calculated range. We have already held that such stipulated sentences need not comport with the guidelines, as they are "not based on the [g]uidelines."[8] *United States v. Pacheco-Navarette*, 432 F.3d 967, 971 (9th Cir. 2005) ("We conclude that, where a defendant was sentenced after pleading guilty pursuant to a plea agreement that included a specific sentence stipulation that did not exceed the statutory maximum and was not contingent upon the Guidelines, remand is not required to comport with *Booker* and [*United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc)]."); *see also United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines, even though the court can and should consult the Guidelines in deciding whether to accept the plea. As *Booker* is concerned with sentences arising under

---

[8]Because Garcia's Rule 11(c)(1)(C) stipulated sentence was not conditioned by a requirement that it comport with the guidelines, and was not contingent upon them, his argument that we have jurisdiction under § 3742(a)(2) must also fail.

the Guidelines, it is inapplicable in this situation." (internal citation omitted)). Consequently, we hold that we do not have jurisdiction to review a sentence that was imposed pursuant to a Rule 11(c)(1)(C) plea agreement and was not contingent on the guidelines, where the defendant claims only that there was some error in the district court's calculation of the guidelines or application of *Booker*.[9] *See United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005) ("Silva's only plausible argument [that the court has jurisdiction] is that his sentence was imposed in violation of law because it was given under a mandatory sentencing scheme. But this argument fails for the simple and obvious reason that Silva received the specific sentence he bargained for as part of his guilty plea."). We therefore dismiss Garcia and Plascencia-Alvarado's appeals of their sentences.

## B. Torres

Torres challenges the district court's imposition of both the drug testing and financial disclosure conditions. As to drug testing, Torres argues that the district court erred in failing to specify the maximum number of non-treatment drug tests, thereby impermissibly delegating that authority to Torres' probation officer. *See United States v. Stephens*, 424 F.3d 876, 881 (9th Cir. 2005) (holding that "a probation officer may not decide the . . . extent of the punishment imposed," because "[u]nder our constitutional system the right to . . . impose the punishment provided by law is judicial" (alteration

---

[9]As in *Pacheco-Navarette*, we do not here address "whether or to what extent a plea agreement containing a stipulation of a particular Guideline range or a sentence otherwise based or contingent upon the Guidelines must comport with the Guidelines, as that situation is not before us." 432 F.3d at 971 n.3. Furthermore, because we lack jurisdiction to review Garcia's and Plascencia-Alvarado's sentences, we do not address the applicability of *Rita v. United States*, 127 S. Ct. 2456 (2007), *United States v. Carty*, 453 F.3d 1214 (9th Cir. 2006), *reh'g en banc granted*, 462 F.3d 1066 (9th Cir. 2006), or *United States v. Zavala*, 443 F.3d 1165 (9th Cir. 2006), *reh'g en banc granted*, 462 F.3d 1066 (9th Cir. 2006).

in original) (internal quotation marks and punctuation omitted)). Torres also argues that the district court abused its discretion in imposing the financial disclosure condition because it is not "reasonably related to the crime of conviction."

We generally defer to the district court in imposing supervised release conditions and review them for an abuse of discretion. *United States v. Johnson*, 998 F.2d 696, 697 (9th Cir. 1993). Because Torres did not object to the conditions of his supervised release before the sentencing court, however, we review for plain error. *See Stephens*, 424 F.3d at 879 n.1. We conclude there was no error, much less plain error, in the district court's sentence.

## 1. Drug Testing Condition

[5] The district court directed Torres to "submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court" and to "submit to mandatory drug testing pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d)."**[10]** Although recitation of this boilerplate drug testing language established the minimum number of drug tests to which Torres would be subject, it does not appear to establish a maximum number of such tests. However, as we held in *Stephens*, "the [sentencing] courts [have] the responsibility of stating the maximum number of [drug] tests to be performed or to set a range for the permissible number of tests." 424 F.3d at 883 (concluding that "while the district court itself determined the *minimum*

---

**[10]**18 U.S.C. § 3563(a)(5) applies to drug testing conditions of probation, whereas § 3583(d) applies to a condition of supervised release. Both statutory sections provide that courts shall order

> as an explicit condition of [probation or supervised release,] that the defendant refrain from any unlawful use of a controlled substance and submit to [a] drug test within 15 days of release on [probation or supervised release] and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance.

number of tests to which [the defendant] would be required to submit, the court erred when it failed to state the *maximum* number of non-treatment drug tests the probation officer could impose"). Unlike in *Stephens*, where the district court expressly delegated the authority to set a maximum number of non-treatment drug tests to the probation officer, *id.* at 878, in this case the district court made no such delegation. Nonetheless, because the district court did not set a maximum, Torres reasonably argues that the probation officer could be understood as having this authority, which would clearly violate *Stephens*.

**[6]** In *United States v. Maciel-Vasquez*, 458 F.3d 994 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 2097 (2007), the defendant challenged a drug testing condition of supervised release that required him to "participate in outpatient substance abuse treatment and submit to drug and alcohol testing as instructed by the probation officer." *Id.* at 996 (internal quotation marks omitted). We observed that this condition would be permissible if imposed incidental to a drug treatment program, but would be improper under *Stephens* if it were to be understood as granting "the probation officer authority to require testing apart from any treatment program." *Id.* However, we refused to determine the purpose of the drug testing because the defendant did not object at sentencing and could not establish any plain error. *Id.* Unlike in *Maciel-Vasquez*, the government here concedes that "the Probation Office may conduct only the minimum three tests allowed for in the order." Indeed, it is clear that district courts that seek to impose more than the statutory minimum of three drug tests must explicitly do so at sentencing. *See United States v. Lewandowski*, 372 F.3d 470, 471 (1st Cir. 2004) (per curiam). Given the government's concession, we construe the district court's supervised release condition as implicitly limiting the maximum number of drug tests to three. Torres must submit to at least and at most "one drug test within 15 days of release from imprisonment and . . . two periodic drug tests thereafter." Should the probation office believe more drug tests are necessary, it would have to

request a modification from the district court. Any such modification would of course have to comply with *Stephens*. Thus construed, there is no error in the district court's drug testing condition.

## 2. Financial Disclosure Condition

[7] District courts are encouraged to impose a financial disclosure condition when they require a defendant to pay restitution. *See* U.S.S.G. § 5D1.3(d)(3) (instructing that where "the court imposes an order of restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine," it should also impose "a condition requiring the defendant to provide the probation officer access to any requested financial information"). However, a district court may impose such a condition even without ordering restitution, so long as the condition satisfies certain criteria.[11] First, it must be "reasonably related to the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Gallaher*, 275 F.3d 784, 793 (9th Cir. 2001); *see also United States v. Brown*, 402 F.3d 133, 137 (2d Cir. 2005) ("[T]he Guidelines recommend a financial disclosure special condition where the court imposes a fine or restitution. By its own terms, however, this policy statement does not preclude a court from requiring financial disclosure in other 'appropriate' situations." (internal citation omitted)). Second, it must "involve no greater deprivation of liberty than is reasonably necessary. . . ." *United States v. Fellows*, 157 F.3d 1197, 1204 (9th Cir. 1998). Finally, the condition "must be consistent with pertinent policy statements of the Sentencing Commission." *Id.*

[8] The financial disclosure requirement imposed on Torres satisfies all three criteria, and the district court did not commit plain error by imposing the condition. Torres was involved in

---

[11]Moreover, contrary to Torres' argument otherwise, the condition need not "be related to the offense of conviction." *United States v. Wise*, 391 F.3d 1027, 1031 (9th Cir. 2004).

a large scale drug conspiracy as a drug supplier. Torres also has a history of drug abuse. Clearly, if Torres is receiving or spending significant funds in suspicious ways, the probation office would have reason to believe he has reengaged with drug trafficking or use and would so report to the district court. Requiring Torres to disclose financial information, at the very least, reflects appreciation of "the nature and circumstances of the offense and [his] history and characteristics" and serves "to protect the public from further crimes." 18 U.S.C. §§ 3553(a)(1), (a)(2)(C). And the probation office's monitoring is no greater than necessary to achieve these ends.

[9] We join our sister circuits in concluding that certain defendants who have been convicted of drug trafficking offenses may properly be required to disclose the details of their personal finances as a condition of supervised release. *See Brown*, 402 F.3d at 137 (affirming financial disclosure condition imposed on defendant convicted of drug trafficking in part because "given this particular defendant's personal characteristics and history, the financial disclosure requirement is an effective monitoring — and hence deterring — device" and because "monitoring [the defendant's] finances will . . . serve to protect the public from 'further crimes of the defendant' "); *United States v. Melendez-Santana*, 353 F.3d 93, 107 (1st Cir. 2003) (affirming financial disclosure condition imposed on a similarly situated defendant because it is related to the characteristics of the defendant and deters future criminal conduct), *overruled on other grounds by U.S. v. Padilla*, 415 F.3d 211 (1st Cir. 2005) (en banc); *United States v. Behler*, 187 F.3d 772, 780 (8th Cir. 1999) (affirming financial disclosure condition because "the district court understood that money and greed were at the heart of [the defendant's] drug distribution offenses and believed that monitoring [the defendant's] financial situation would aid in detecting any return to his former lifestyle of drug distribution"). Therefore the district court did not plainly err in imposing this condition.

### III.   Conclusion

Garcia and Plascencia-Alvarado were sentenced to a term that was within the range they agreed to in their Rule 11(c)(1)(C) plea agreement, which was not contingent upon the guidelines. Consequently, we do not have jurisdiction under 18 U.S.C. §§ 3742(a)(1) or (a)(2) to review challenges to their sentences. Torres' supervised release drug testing condition, as construed by this court, is not improper, nor is the financial disclosure condition.

Garcia's and Plascencia-Alvarado's appeals are DISMISSED. Torres' sentence (including the conditions of supervised release) is AFFIRMED.