**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Terry AVANT, Jr., Defendant—**
**Appellant.**

**No. 08–50217.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009 *.

Filed Feb. 26, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

---

Rebecca S. Kanter, United States Attorney's Office, San Diego, CA, for Plaintiff–Appellee.

Lisa Kay Baughman, San Diego, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Terry Avant, Jr. appeals from the sentence imposed on remand following his guilty-plea conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Avant contends that the district court abused its discretion when it imposed conditions of supervised release that require him to disclose financial information upon request and prohibit him from opening checking accounts or incurring credit charges without approval of the probation officer because the conditions are not reasonably related to the goals of deterrence, protection of the public, or rehabilitation, and the conditions are not the least restrictive alternatives available. We conclude that the district court did not abuse its discretion in light of the link between Avant's financial situation and his propensity to engage in criminal activity.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

See *United States v. Garcia,* 522 F.3d 855, 862 (9th Cir.2008); *see also United States v. Rearden,* 349 F.3d 608, 620–21 (9th Cir. 2003).

■ Avant further contends that the district court erred by improperly delegating authority to the probation officer in connection with the condition of supervised release requiring him to disclose financial information. We conclude that there was no impermissible delegation "regarding the primary decision" as to whether Avant was required to disclose financial information. *See United States v. Stephens,* 424 F.3d 876, 882 (9th Cir.2005).

Avant also contends that the condition prohibiting him from opening checking accounts or incurring credit charges without approval of the probation officer results in an impermissible delegation of authority. Because Avant raises this argument for the first time in his reply brief, we decline to consider it. *See United States v. Wright,* 215 F.3d 1020, 1030 n. 3 (9th Cir. 2000). In any event the condition is appropriate.

**AFFIRMED.**