MEMORANDUM *
Sheldon Fidler appeals from the district court’s imposition of two special conditions of supervised release. We affirm.
*960 Though we have varying reasons for affirming the requirement of compliance with the order in the FTC case, we all agree that affirmance is the proper result. First, the condition imposes no additional restriction on Fidler’s liberty, because he is not at liberty to violate a court order. Second, Fidler agreed to the FTC settlement, knowing that he was agreeing to what amounted to a condition of his supervised release. Cfi United States v. Daniels, 541 F.3d 915, 924 (9th Cir.2008). Third, any error in the condition is harmless, because the FTC order has now been entered, and it bears a sufficient relationship to Fidler’s crime. Fed.R.Crim.P. 52(a). Fourth and finally, the possibility of some future limitation on Fidler’s liberty at the time he was sentenced is not by itself a ground for rejecting the condition. The condition is analogous to conditions requiring compliance with criminal laws or a child support order, since new criminal laws may be promulgated or a new child support order entered after a defendant has been sentenced. 18 U.S.C. § 3583(d). Each of these grounds are independent of all others, and any one of them would, standing alone, require affirmance.
The requirement to disclose his tax returns is directly related to Fidler’s history and necessary to protect the public. Fi-dler perpetrated a multi-million dollar fraud and refused to disclose aliases to the probation office. If Fidler is “receiving or spending significant funds in suspicious ways, the probation office would have reason to believe he has reengaged” with fraud. United States v. Garcia, 522 F.3d 855, 862 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.