**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50431 |
| Plaintiff - Appellee, | D.C. No. CR-04-01052-DDP |
| v. | |
| TIGRAN GUYUMDZHYAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted August 10, 2010[**]

Before:    HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

Tigran Guyumdzhyan appeals from certain specified conditions of

supervised release imposed following his guilty-plea conviction for being a felon

in possession of a firearm and aiding and abetting in violation of 18 U.S.C. §§ 2

and 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guyumdzhyan contends that various financial conditions of his supervised release including requiring him to disclose financial information as directed by the probation officer, prohibiting him from applying for a loan, opening a line of credit, or conveying significant assets without approval of the probation officer, and paying his drug and alcohol treatment costs as directed by the probation officer are not within the district court's statutory discretion. The district court did not plainly err in imposing these conditions because they reflect Guyumdzhyan's offense, history and characteristics, serve the goals of deterrence, protection of the public, and rehabilitation, and are no greater than necessary. *See* 18 U.S.C. §§ 3553(a), 3583(d); *United States v. Garcia*, 522 F.3d 855, 862 (9th Cir. 2008).

Guyumdzhyan also contends that these financial conditions result in an impermissible delegation of the court's authority to the probation officer. The district court did not plainly err by impermissible delegation. *See United States v. Soltero*, 510 F.3d 858, 864 (9th Cir. 2007) (per curiam); *United States v. Stephens*, 424 F.3d 876, 880-81 (9th Cir. 2005).

**AFFIRMED.**

07-50431