**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30287 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00088-SEH-1 |
| v. | |
| CHARLES J. FLECK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 28, 2013
Seattle, Washington

Before:  HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

Defendant-Appellant Charles J. Fleck ("Fleck") appeals the district court's

denial of his motion to modify the conditions of his probation so that he may travel

to Canada for work, as well as the court's additional requirement that Fleck surrender

his passport and file a new financial affidavit.  We affirm.

---

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

Fleck's motion provided only cursory assertions that his employer "builds paint booths in the United States and Canada" and sought the generic ability to "travel to Canada for employment purposes," without further elaboration. The court reasonably expressed concern that the motion contained no information regarding proposed dates of travel, length of absences, or a proposed plan for monitoring Fleck while he was out of the country. Without more specific details about the proposed travel or verification from the employer that such travel was actually necessary, it was not an abuse of discretion for the district court to deny the motion. *See United States v. Garcia*, 522 F.3d 855, 860 (9th Cir. 2008) (noting that this court reviews supervised release conditions for an abuse of discretion).

The record as a whole adequately reflects that the district court considered the relevant factors, including whether a blanket permission to leave the country would provide adequate supervision and deterrence for Fleck. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them."); *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) ("[A] sentencing judge is not required to articulate . . .the reasons for imposing each condition . . . where [this court] can determine from the record whether the court abused its discretion." (internal quotation marks and citation omitted)).

The district court did not plainly err by requiring Fleck to surrender his passport, as this was reasonably related to enforcing the court's existing and valid travel restriction on Fleck, which Fleck did not contest at the initial sentencing. Moreover, even if the court erred, it did not affect Fleck's substantial rights, as he was already precluded from leaving the district without permission and thus lacked the ability to use the passport. *See United States v. Watson*, 582 F.3d 974, 981-82 (9th Cir. 2009).

Nor did the district court plainly err by requiring Fleck to complete a new financial affidavit under the Criminal Justice Act. The court has an ongoing obligation to make "appropriate inquiry" into the defendant's financial situation and is statutorily authorized to order recoupment in the event of availability of funds. 18 U.S.C. §§ 3006A(e)(1) & (f). Even if the court erred by ordering an updated financial affidavit, Fleck has not demonstrated how merely filing the affidavit has affected his substantial rights or prejudiced him in any way. *See Watson*, 582 F.3d at 982.

**AFFIRMED.**[1]

---

[1] We affirm on the basis of the scant record before us. Nothing herein shall be construed to preclude Fleck from filing subsequent motions to modify the terms of his probation pursuant to 18 U.S.C. § 3563(c), including one supplying the type of information the district court identified as lacking in the current motion.