

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10243 |
| Plaintiff - Appellee, | D.C. No. 4:06-cr-00246-DCB-CRP-1 |
| v. | |
| LOREN ALBERT GOLDTOOTH, SR., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted May 13, 2014[**]
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Defendant Loren Goldtooth appeals the district court's revocation of his

supervised release. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** Goldtooth argues that Standard Condition No. 4 and Special Condition No. 3 imposed by the district court as part of the conditions of supervised release are overbroad and vague and that they inappropriately delegate the district court's authority to the probation department. In particular, Goldtooth argues that the conditions are overbroad because they infringe on his Fourth and Fifth Amendment rights.[1] However, "a district court's discretion to set conditions of supervised release is broad even when those conditions affect fundamental rights" (although "restrictions infringing upon fundamental rights are reviewed carefully"). *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (per curiam) (internal quotation marks omitted). A restriction on a defendant's fundamental rights is valid if it: (1) is reasonably related to (i) the nature and circumstances of the offense, the history and characteristics of the defendant, and/or (ii) the goals of deterrence, protection of the public, or defendant rehabilitation; (2) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).

---

[1] Goldtooth's reliance on First Amendment overbreadth doctrine is misplaced as that doctrine applies to conditions that infringe on a defendant's First Amendment rights, and Goldtooth contends that the conditions infringe his Fourth and Fifth Amendment rights. *See Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 949 n.11 (9th Cir. 1997).

*See* 18 U.S.C. §§ 3553, 3583; *Soltero* 510 F.3d at 866. Here, the conditions were reasonably related to Goldtooth's offenses of embezzlement and tax evasion. The conditions also serve the goals of rehabilitation and deterrence by helping to ensure that Goldtooth complies with the law, specifically the tax laws, and deterring Goldtooth from engaging in similar embezzlement and tax evasion crimes in the future. *See United States v. Garcia*, 522 F.3d 855, 862 (9th Cir. 2008).

2. The challenged conditions are not vague. They do not "forbid[] or require[] the doing of an act in terms so vague that men of common intelligence must necessarily guess at [their] meaning and differ as to [their] application." *United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004).

3. Finally, the challenged conditions do not inappropriately delegate the district court's authority. The district court had the authority to impose the conditions, *see Soltero*, 510 F.3d at 866, and to delegate the monitoring and administration of the conditions to Goldtooth's probation officer, *see* 18 U.S.C. § 3603; *United States v. Rearden*, 349 F.3d 608, 619 (9th Cir. 2003).

4. We also reject Goldtooth's argument that he was not provided with sufficient notice of the actual ground for revocation of supervised release. The basis for the district court's revocation ruling was Goldtooth's failure to sign IRS form 8821, which would have allowed his probation officer to confirm that he was

in compliance with his obligation to file tax returns. This allegation was set forth in the superseding petition. The district court's revocation decision was not, as Goldtooth contends, grounded on his actual failure to file tax returns.

5.      The district court also did not err in imposing Special Condition Nos. 3 and 4 as part of the revised conditions of supervised release. These new conditions required, in essence, that Goldtooth pay his taxes and sign IRS form 8821. The conditions were reasonably related to Goldtooth's conviction for embezzlement because Goldtooth apparently failed to pay taxes on the income that he had received from the stolen funds. "[A] condition of supervised release [also] need not relate to the offense as long as the condition satisfies the goal of deterrence, protection of the public, or rehabilitation." *Rearden*, 349 F.3d at 619. Requiring Goldtooth to pay his taxes and sign IRS form 8821 is reasonably related to the goals of rehabilitation and deterrence.

**AFFIRMED.**