MEMORANDUM *
Martin Nez appeals from his jury conviction and sentence for aggravated sexual abuse under 18 U.S.C. §§ 1153 and 2241(a) and abusive sexual contact under 18 U.S.C. §§ 1153, 2244(a)(1), and 2246(3). We affirm Nez’s conviction, but remand to the district court for the limited purpose of correcting several errors related to Nez’s conditions of supervised release. Because the parties are familiar with the facts of this case, we do not repeat them here.
1. The government concedes that the district court erred in preventing Nez from testifying about certain statements that he alleged D.B. made to him during their sexual encounter. The statements were either admissible under Federal Rule of Evi-derice 803(3) or not hearsay, and were not otherwise admitted into the record. This error was harmless under either the constitutional or non-constitutional standard, however, as the excluded statements had very limited probative value in light of Nez’s other testimony recounting that D.B. initiated much of their encounter and otherwise conveyed her willingness to engage in it.
2. The district court did not clearly err in finding that D.B.’s statements to Nurse Clinton were made for the purpose of medical diagnosis and treatment, nor did it abuse its discretion in admitting Clinton’s testimony relating D.B.’s statements. See Fed. R. Evid. 803(4). While *378 statements of fault are not usually admissible under Rule 803(4), this court has recognized that “[s]exual abuse involves more than physical injury; the physician must be attentive to treating the victim’s emotional and psychological injuries, the exact nature and extent of which often depend on the identity of the abuser.” United States v. George, 960 F.2d 97, 99 (9th Cir. 1992). As such, “a child victim’s’statements about the identity of the perpetrator are admissible under the medical treatment exception when they are made for the purposes of medical diagnosis and treatment.” People of Guam v. Ignacio, 10 F.3d 608, 613 (9th Cir. 1993) (citing George, 960 F.2d at 99). While the medical professional’s perspective may inform our analysis, “[t]he declar-ant’s self-interest in proper diagnosis provides the indicia of reliability.” United States v. Yazzie, 59 F.3d 807, 813 (9th Cir. 1995); see also Ignacio, 10 F.3d at 613 n.3. The record reflects that D.B. understood that her examination with Nurse Clinton was for the purpose of medical treatment and not merely to collect evidence, notwithstanding the fact that she had previously undergone an exam in the emergency room. Similarly, it is not dispositive that she was referred to Nurse Clinton by an FBI agent. Additionally, Nurse Clinton intended to provide medical treatment during the examination, and D.B.’s description of the sexual encounter was necessary to provide effective treatment.
3. Even assuming that Moncher's expert testimony was admitted in error, any error was harmless in light of its limited scope, Moncher’s testimony on cross-examination, and Leonard’s expert testimony.
4.'Any errors in excluding the statements that D.B. made to Nez and admitting Moncher’s expert testimony were also cumulatively harmless. See United States v. Cazares, 788 F.3d 956, 990-91 (9th Cir. 2015). The erroneously excluded testimony had limited probative value, and the erroneously admitted testimony was limited in scope and effectively undermined during trial.
5.The government concedes that the district court erroneously imposed two conditions of supervised release. We remand for the district court to correct these errors.
First, the “special” condition of supervised release relating to major purchases, financial obligations, and financial contracts may only be imposed under certain circumstances not present here. See U.S.S.G. § 5D1.3(d)(3); see also United States v. Garcia, 522 F.3d 855, 861-62 (9th Cir. 2008). It should be stricken on remand.
Second, there is an error in the written judgment. At the oral pronouncement of the sentence, the district court imposed a condition requiring Nez to submit to polygraph examinations, but the written judgment instead references pleth-ysmograph testing. Plethysmograph testing was neither recommended nor imposed during sentencing. The error in the written judgment should be corrected on remand to conform to the terms of the oral pronouncement during sentencing.
We AFFIRM Nez’s conviction and REMAND for the limited purpose of correcting errors in the conditions of supervised release.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.