NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10264 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00325-DLR-1 |
| v. | |
| BEATRICE DENISE WELSH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted July 10, 2018[**]
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and LEMELLE,[***] District Judge.

Beatrice Welsh appeals her jury conviction and sentence for assault resulting

in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6). We have

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]       The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

**1.** Sufficient evidence supports Welsh's conviction for assault resulting in serious bodily injury. A rational juror could determine beyond a reasonable doubt that Welsh acted recklessly. *United States v. Rodriguez*, 790 F.3d 951, 957 (9th Cir. 2015). Viewed in the light most favorable to the prosecution, *id.*, the evidence adduced at trial showed that: (1) Welsh sped around a 90-degree turn on a dirt road going between 53 and 58 miles per hour; (2) the truck's brakes had been leaking for weeks but Welsh did not fix them; and (3) after the crash, the front portion of the brake fluid reservoir was completely empty, and the rear portion was only 30 percent full.

This is sufficient evidence from which a reasonable juror could conclude that Welsh's conduct was objectively reckless. *See id.* at 958. Welsh's claim that the risks involved here were no different from those that any driver assumes—and that a "Palsgrafian perfect storm" of unfortunate factors caused her passenger's serious and permanent injuries—is unpersuasive. It is commonly understood that speeding in a car with faulty brakes poses "a substantial and unjustifiable risk." *United States v. Albers*, 226 F.3d 989, 995 (9th Cir. 2000) (quoting Model Penal Code § 2.02(2)(c) (1985)); *see Rodriguez*, 790 F.3d at 958, 960.

There also was sufficient evidence that Welsh was aware of this risk. *See Rodriguez*, 790 F.3d at 958. Welsh admitted that her brakes "had had a problem"

2

for almost a month and were "leaking little-by-little." She had spoken to a mechanic about the problem but "didn't get it fixed." Welsh stated that she had been driving on back roads and avoided driving fast because of the faulty brakes. The jury also heard expert testimony that, when a brake system is low on fluid, the driver can feel it. Welsh contends that this evidence does not show she knew her brakes were "likely to suddenly and completely fail." But this incorrectly frames the relevant risk. The question is whether Welsh consciously disregarded a substantial and unjustifiable risk. *See id.* The jury determined that she did. Sufficient evidence supports that finding, and we may not disturb it. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

**2.** The district court did not plainly err in defining recklessness for the jury. *See United States v. Williams*, 990 F.2d 507, 511 (9th Cir. 1993). The court instructed the jury:

> An act is done recklessly if the defendant was aware of a substantial and unjustifiable risk and she consciously disregarded that risk. The risk must be of such a nature and degree that, considering the nature and purpose of the defendant's conduct and the circumstances known to her, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the defendant's situation.

Welsh argues that the term "law-abiding person" rendered the jury instruction circular. We disagree. A "law-abiding person" is a common concept that the average juror can comprehend and apply. *United States v. Tirouda*, 394 F.3d 683,

3

688–89 (9th Cir. 2005). The district court's detailed instruction on recklessness was adequate to guide the jury. *United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir. 1999).

**3.** The federal prosecution did not violate Welsh's Fifth Amendment right to equal protection by singling her out because of race. As Welsh acknowledges, this claim is foreclosed by *United States v. Zepeda*, 792 F.3d 1103 (9th Cir. 2015) (en banc), which rejected a constitutional challenge to the Indian Major Crimes Act. *Id.* at 1111–13 ("[F]ederal regulation of Indian affairs is not based upon impermissible classifications." (quoting *United States v. Antelope*, 430 U.S. 641, 646 (1977))).

**4.** The district court did not plainly err by imposing a supervised release condition that prohibited Welsh from possessing a dangerous weapon, including a Taser. *See United States v. Garcia*, 522 F.3d 855, 860 (9th Cir. 2008). We reject Welsh's argument that the condition is unconstitutionally vague. It does not employ terms so vague that people of ordinary intelligence are denied fair notice of what conduct is prohibited. *United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004).

**AFFIRMED.**