**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10188 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00582-JD-2 |
| v. | |
| ROBERT RASHEED, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted July 11, 2018
San Francisco, California

Before: TASHIMA, GRABER, and HURWITZ, Circuit Judges.

A jury convicted Defendant Robert Rasheed of agreeing to rig bids at home

foreclosure auctions, in violation of the Sherman Act, 15 U.S.C. § 1. The district

court sentenced Defendant to 14 months' imprisonment followed by a period of

supervised release including several special conditions.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.   The government offered sufficient evidence for a reasonable juror to conclude that Defendant's conduct occurred "within the flow" of interstate commerce.  McLain v. Real Estate Bd. of New Orleans, Inc., 444 U.S. 232, 235 (1980).  Although all auctions at issue took place in Alameda County, California, the government offered evidence that those auctions functioned as "integral parts," Goldfarb v. Va. State Bar, 421 U.S. 773, 785 (1975), of various interstate transfers.  For example, Danli Liu, one of Defendant's co-conspirators, testified that she won one of the rigged auctions and, as a result, sent a cashier's check to a trustee in Arizona.  That same trustee later sent Liu, from Arizona to California, a partial refund in conjunction with the same sale.  That testimony and other evidence, viewed in the light most favorable to the verdict, United States v. Ubaldo, 859 F.3d 690, 699 (9th Cir. 2017), cert. denied, 138 S. Ct. 704 (2018), supports the conclusion that the scheme at issue took place "within the flow" of interstate commerce, McLain, 444 U.S. at 235, 241–43.

2.  The district court did not abuse its discretion in imposing a special condition on supervised release requiring that Defendant participate in financial monitoring.  The nature of the crime for which Defendant was convicted suggests that financial monitoring is appropriate.  United States v. Garcia, 522 F.3d 855,

2

861–62 (9th Cir. 2008). That the district court did not also impose a fine or order restitution does not make the condition any less appropriate. Id.

3. The district court plainly erred in imposing the "notice of risks" condition in the form used. We held in United States v. Evans, 883 F.3d 1154, 1157 (9th Cir. 2018), petition for cert. filed, __ U.S.L.W. __ (U.S. May 29, 2018) (No. 17-9208), that an identically worded condition was unconstitutionally vague. Accordingly, we vacate the "notice of risks" condition and remand for the district court to resentence Defendant in light of Evans.

4. The community service requirement was not an abuse of discretion on the record at the time that the district court sentenced Defendant. United States v. Whitehead, 532 F.3d 991, 993 (9th Cir. 2008) (per curiam). Defendant remains free, though, to request a modification on remand.

**AFFIRMED in part; VACATED and REMANDED in part.**