NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10427 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00133-LEK-WRP-16 |
| v. | |
| SEAN SCATES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted October 15, 2021[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Sean Scates challenges the sentence imposed after he pleaded guilty to conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of methamphetamine. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

## I

Scates argues that the district court erred when it did not *sua sponte* grant him a downward adjustment for his role in the offense under U.S.S.G. § 3B1.2. But Scates did not timely argue for a downward adjustment. Instead, he used the language of section 3B1.2 to argue that his role in the offense was a mitigating circumstance. Because Scates was aware of his right to request an adjustment for his role in the offense and relinquished it "for some tactical or other reason," he waived such right, and "there is no error, plain or otherwise." *United States v. Depue*, 912 F.3d 1227, 1232-33 (9th Cir. 2019) (en banc).

## II

Scates next argues that the district court applied the wrong legal standard or clearly erred by considering as relevant conduct his actions tracking a parcel with 4,888 grams of methamphetamine. The district court correctly applied U.S.S.G. § 1B1.3, which defines relevant conduct to include "all acts and omissions committed, aided, [or] abetted" by the defendant. Scates tracked the parcel for his co-conspirators, thereby aiding its distribution, and the district court was correct to consider such conduct relevant to his sentence. U.S.S.G. § 1B1.3.

## III

Scates then argues that the district court plainly erred when it imposed the first and third special conditions of supervised release by delegating to the

probation officer the discretion to force Scates indefinitely to participate in inpatient substance abuse treatment or mental health treatment. The district court delegated to the probation officer the discretion to decide the "location, modality, duration, and intensity" of treatment and did not cabin that discretion to exclude inpatient treatment. On the face of the sentence, such treatment could not be indefinite: it was limited to "FIVE (5) YEARS" of supervised release.

Nevertheless, because inpatient confinement implicates a significant liberty interest, conditions 1 and 3 were without appropriate limitation. Absent explicit limitations on the scope of treatment, it is reasonable to construe "location, modality, duration, and intensity" to encompass inpatient confinement. By including such language, the first and third conditions impermissibly delegated to the probation officer the power to decide "the nature [and] extent of the punishment to be imposed." *United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009) (per curiam) (quoting *United States v. Stephens*, 424 F.3d 876, 881 (9th Cir. 2005)). The district court thus purported to delegate the judicial power which Article III vests in the federal courts. *See Stephens*, 424 F.3d at 881. We therefore vacate these conditions and remand for the district court to limit the scope of the delegation as appropriate.

IV

3

Finally, Scates argues that the district court plainly erred by imposing financial disclosure requirements as a condition of supervised release. Because Scates was "involved in a large scale drug conspiracy" and has "a history of drug abuse," financial disclosure requirements reflect "'the nature and circumstances of the offense and [Scates's] history and characteristics'" and serve "'to protect the public from future crimes.'" *United States v. Garcia*, 522 F.3d 855, 862 (9th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). The imposition of such requirements was thus appropriate.

**AFFIRMED in part, VACATED in part, and REMANDED.**