NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10011 |
| Plaintiff-Appellee, | D.C. No. 1:99-cr-00465-JAO-1 |
| v. | |
| DOUGLAS AKIRA HIRANO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Jill A. Otake, District Judge, Presiding

Submitted August 17, 2022**

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Douglas Akira Hirano appeals from the district court's judgment and

challenges the 8-month sentence and a special condition of supervised release

imposed upon his second revocation of supervised release.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

As a preliminary matter, the government is incorrect that Hirano's appeal is moot. *See United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir. 2001) (holding that an appeal is not moot if success on appeal could result in a reduction in the period of supervised release).

Hirano contends that the district court used the incorrect criminal history category to determine his guidelines range. However, the court properly used the criminal history category calculated at his original sentencing. *See* U.S.S.G. § 7B1.4 n.1 ("The criminal history category to be used in determining the applicable range of imprisonment [at a revocation hearing] is the category determined at the time the defendant originally was sentenced to the term of supervision."). Hirano's challenges to his career offender designation are beyond the scope of these proceedings. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1068-69 (9th Cir. 2014) (holding that the validity of the original sentence may not be attacked in a revocation proceeding).

Hirano also challenges a special condition of supervised release requiring him to disclose financial information to probation. He contends that the district court did not provide an adequate explanation for imposing the condition and that the condition is overbroad and substantively unreasonable. The district court did not plainly err. *See United States v. Garcia*, 522 F.3d 855, 860 (9th Cir. 2008). The court was not required to explain its reasons for imposing this particular

condition, *see United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008), which is substantively reasonable and sweeps no more broadly than necessary to achieve the goals of sentencing in this case, *see Garcia*, 522 F.3d at 861-62.

**AFFIRMED.**