NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10330 |
| Plaintiff-Appellee, | D.C. No. 4:19-cr-00172-JD-1 |
| v. | |
| DAVID LEIGH COOK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted March 20, 2024**
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

David Cook appeals the district court's imposition of two supervised release

conditions requiring him to (1) provide his probation officer with access to his

financial information ("financial disclosure condition"); and (2) participate in the

United States Probation Office's Computer and Internet Monitoring Program for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the first six months of his release ("computer monitoring condition"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.      Cook's challenge to the computer monitoring condition is moot because the condition expired on November 3, 2023. *See United States v. Juv. Male*, 564 U.S. 932, 937 (2011) (per curiam) (an appeal of a sex offender registration condition was moot because the order of juvenile supervision imposing the condition had expired); *Cervantes v. Walker*, 589 F.2d 424, 425 (9th Cir. 1978) ("[Appellant's] three-year probationary period expired shortly before oral argument and, therefore, his challenge to the probation conditions is moot.").

We are not persuaded by Cook's argument that he faces "ongoing collateral consequences" from the computer monitoring condition. He contends that his "membership and participation in the Fraternal Order of Masons has been negatively impacted" due to the organization's "strict confidentiality" requirements. But he has failed to link that continuing injury to the computer monitoring condition because he has presented no evidence that the Government is still monitoring his online communications or still possesses any of his data. *See United States v. Juv. Male*, 670 F.3d 999, 1006 (9th Cir. 2012) (criminal defendant wishing to continue an appeal after the expiration of his or her sentence must suffer some continuing injury sufficient to satisfy Article III). Similarly, Cook has not met his burden of proving that his challenge to the computer monitoring condition

2

falls within the limited exception to mootness for disputes that are "capable of repetition, yet evading review" because he has not shown that he is reasonably likely to commit a similar supervised release violation necessitating the imposition of the same computer monitoring condition again. *See Juv. Male*, 564 U.S. at 938. Cook's challenge to the district court's imposition of the computer monitoring condition is therefore moot, and we lack jurisdiction to consider it. The Government's motion to partially dismiss Cook's appeal, *see* Dkt. No. 35, is accordingly **GRANTED.**

2. Cook's challenge to the financial disclosure condition fails on the merits. He argues that the financial disclosure condition is unconstitutionally vague and overly broad in violation of the Fourth and Fifth Amendments of the Constitution. Because Cook did not object to the constitutionality of the financial disclosure condition before the district court, his claim on appeal is subject to plain error review. *See United States v. LaCoste*, 821 F.3d 1187, 1190 (9th Cir. 2016). "A plain error must be clear and obvious, highly prejudicial and must affect substantial rights." *United States v. Siu Kuen Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002) (cleaned up). We find no plain legal error here.

3. First, the financial disclosure condition does not clearly violate the Fifth Amendment's due process requirements. A condition of supervised release violates due process if it "either forbids or requires the doing of an act in terms so

3

vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018) (internal quotations omitted). The financial disclosure condition challenged here says: "You must provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns."

Cook argues that the financial disclosure condition is so broad and vague that it could be read to require him to proactively provide his probation officer with every single one of his purchase receipts or credit card bills dating back to before he was even released from custody. But because we have not invalidated a similar condition for vagueness, Cook has not shown that any error is clear or obvious under present law. And in any event, the financial disclosure "does not have to be read as broadly as [Cook] suggests it might be read." *United States v. Goddard*, 537 F.3d 1087, 1091 (9th Cir. 2008). As the Government argues, a more reasonable interpretation of the condition requires Cook to provide access to such minute financial information only upon the probation officer's request. *See United States v. Ped*, 943 F.3d 427, 433 (9th Cir. 2019) (we may "adopt a narrow construction of conditions of supervised release if they are readily susceptible to a limiting construction") (alteration and internal quotation marks omitted); *United States v. Quinzon*, 643 F.3d 1266, 1272 (9th Cir. 2011).

4

4.      Second, the financial disclosure condition does not clearly violate the Fourth Amendment's requirement that release conditions be reasonably necessary and narrowly tailored.  *See United States v. Sales*, 476 F.3d 732, 737 (9th Cir. 2007).  We have upheld a substantially similar financial disclosure condition as "reasonably related to the factors set forth in 18 U.S.C. § 3553(a)" and "involv[ing] no greater deprivation of liberty than is reasonably necessary" on the rationale that financial reporting deters future crime by helping probation officers monitor the defendant and detect suspicious use of funds.  *United States v. Garcia*, 522 F.3d 855, 861–62 (9th Cir. 2008).  The district court did not plainly err in applying the same rationale here.

**AFFIRMED.**